The Mayor and Council of Wilmington, a Municipal Corporation of the State of Delaware v. Victoria Smentkowski.

*(March 19, 1964.)*

Terry, C. J., and Wolcott and Carey, J. J., sitting.

*O. Francis Biondi,* City Solicitor, and *Frank T. Gentile, Jr.,* Assistant City Solicitor, for The Mayor and Council of Wilmington.

*Elwood F. Melson, Jr.,* for defendant.

Supreme Court of the State of Delaware, No. 84, 1963.

Carey, Justice.

This case, which was certified to us from the Superior Court, involves the validity of a Wilmington City ordinance designed to prohibit discrimination in restaurants because of race, color or religion.

The ordinance requires the obtaining of a City license to conduct various businesses within the City limits. On June 1, 1961, it was amended to provide that no person holding a license to operate a restaurant, cafe, soda foun-

tain, hotel, dining room or other place serving food for consumption on the premises shall discriminate against or refuse to serve any person because of his race, color or religion. This defendant refused to be bound by this provision and her application for a restaurant license for 1962 was denied solely because of that refusal. She continued to conduct her restaurant and as a consequence was arrested for operating the business without a license. From a finding of guilt in the Municipal Court, she appealed to the Superior Court. Her defense is that the foregoing provision of the ordinance is invalid because the City lacks authority to enact it.

The specific question we must decide is: Does the Mayor and Council of Wilmington have the authority to prohibit racial or religious discrimination by City restaurant owners in the sale and service of food on their premises and to prohibit such owners from refusing to serve any person on the premises because of his race, color or religion?

It is settled that a municipal corporation has no authority beyond that which is expressly granted or fairly implied or indispensable to its declared objects and purposes. *Mayor and Council of Wilmington v. Dukes*, Del., 157 A.2d 789. Concededly, no section of the Wilmington City Charter expressly authorizes the Council to adopt anti-segregation ordinances. The right to issue business licenses and to charge fees therefor was conferred upon the City by 31 Laws of Delaware Ch. 29, but the sole purpose of that power is stated to be the raising of money for the payment of its debts and expenses; it is not suggested that this Section even impliedly authorizes the ordinance here questioned. The only Section of the Charter relied upon to justify the ordinance is found in 17 Laws of Delaware Ch. 207, which, after enumerating a

large number of specific powers, concludes with this language: "* * * and in general shall have power to do all those matters and things for the well being of the said city which shall not be in contravention of any existing laws of this State or the constitution thereof".

It has been said that a provision of this nature should be liberally construed to accord to a municipality wide discretion in the exercise of its police power. 6 McQuillen, Municipal Corporations (3rd ed.) 535. Obviously, however, we cannot under the guise of liberal construction, give validity to an ordinance which is "in contravention of any existing laws of this State". The basic question is, therefore, whether this particular ordinance does violate that prohibition.

Recently, in *State v. Brown*, Del., 195 A.2d 379, we had occasion to consider the common law rights of a restaurant keeper as affected by 24 *Del. C.* § 1501. We there pointed out that at common law the restauranteur was free to select patrons on any basis he deemed satisfactory so long as State action was not involved. We further held that § 1501 did not abrogate this common law privilege, but reaffirmed it and extended it to include innkeepers under certain conditions. In other words, that statute modified and codified the common law. The General Assembly thus affirmatively made the common law privilege of a restauranteur a part of the positive statutory law of the State. To the extent that it did not conflict with the Federal or State Constitutions, it could thenceforth be altered only by action of the Legislature. We need not decide, therefore, whether the quoted restriction in the Wilmington Charter bars the City from enacting ordinances changing a common law principle. The ordinance here involved attempts to change a State statute and thus contravenes in existing State law. In short, the ordinance,

when adopted, was in conflict with the statute and exceeded the powers conferred upon the City. *DiSabatino v. Ellis*, Del., 184 A.2d 469; *Taylor v. Smith*, 13 Del. Ch. 57, 115 A. 413.

We think it desirable to note that 24 *Del. C.* § 1501 has recently been amended so as to prohibit discrimination in restaurants and other eating places. Our present opinion includes no consideration of that amendment. It was adopted after this case arose and, as both counsel concede, it has no relevancy to the present prosecution.

As to this case, the certified question must be answered in the negative.