**The CITY OF WILMINGTON, a Municipal Corporation of the State of Delaware, Defendant below, Appellant,**

v.

**Lizzie SPENCER, Individually and as next friend for Aurelia Spencer and Jacqueline Bennefield, minors, Plaintiff below, Appellee.**

Supreme Court of Delaware.

Submitted June 16, 1978.

Decided July 25, 1978.

Joseph H. Flanzer and Richard Galperin, of Flanzer & Isaacs, Wilmington, for defendant below, appellant.

Louis B. Ferrara, of Aerenson & Balick, Wilmington, for plaintiff below, appellee.

Before HERRMANN, C. J., DUFFY and McNEILLY, JJ.

DUFFY, Justice:

The significant issue in this appeal is whether a municipality is immune from liability for a negligent act of its agent.

I

For present purposes, the facts are these:

Twelve-year-old Jacqueline Bennefield, her six-year-old sister, Aurelia, and eight other children were crossing Fourth Street in Wilmington, at its intersection with Poplar Street. They were going to school. The intersection is controlled by a traffic light. The two girls had waited until the "WALK" sign appeared for them and then began crossing within the pedestrian lane. They had looked both ways before starting to cross and, moreover, had looked for the approval of the Wilmington employee assigned as a School Crossing Guard. The Guard's duty was to control traffic and to provide a safe crossway for school children. On this occasion, the Guard was not in the intersection but was seated with other persons on the steps of a house one building distant from the intersection and from which he could not view traffic on Fourth Street. He was "drinking" something concealed in a paper bag. The Guard waived his arm, indicating that it was safe to cross. When the two girls were approximately halfway through the intersection, and while they were in the marked crosswalk, they were struck by an automobile operated by defendant Elizabeth Kelly which had proceeded at a high rate of speed into the intersection in the face of a red light.

As a result of the collision, Aurelia was hospitalized for two days and Jacqueline's medical expenses amount to some $21,000. This action followed.

 Relying on *Varity Builders, Inc. v. Polikoff*, Del.Supr., 305 A.2d 618 (1973), the Superior Court denied the City's motion for summary judgment which was based on the principle of municipal (sovereign) immunity.[1] The City then docketed this appeal.

II

In *Pajewski v. Perry*, Del.Supr., 363 A.2d 429 (1976), decided just two years ago, we reviewed the Delaware case law on sovereign immunity and there is no reason to rework the same ground. That case involved a claim against the State, this one asserts a claim against a municipality. But for immunity purposes the rules are essentially the same and the critical comments made about the doctrine in *Pajewski* are equally applicable here. We emphasize two of them now: sovereign immunity is an unjust legal concept of constitutional origin, and our Courts have repeatedly criticized its unfairness and urged corrective action by the General Assembly.[2]

This appeal involves, not a State claim to immunity, but a City (Wilmington) reliance on the principle. *Varity Builders*, on which Judge Christie relied in the Superior Court, involved litigation between a housing developer and the purchasers of one of its properties, in which mandatory injunctive relief was sought against New Castle County to require it to supervise the installation of certain sewer facilities. The County moved for summary judgment on the ground of sovereign immunity. The Court of Chancery, in an unreported opinion, denied the motion and said this:

> "The defense of sovereignty is waived and cannot and will not be asserted as to any risk or loss covered by the state insurance coverage program, whether same be covered by commercially procured insurance or by self-insurance, and every commercially procured insurance contract shall contain a provision to this effect, where appropriate."

See *Pajewski v. Perry, supra*, 363 A.2d at 432. And the record in this case shows that the City has insurance coverage which may indemnify it for liability arising from this litigation.

1. The immunity at issue is that which arises from performance of a *governmental* function. It is settled Delaware law that there is no immunity when the act occurred in the performance of a proprietary function. *Delaware Liquor Store v. Mayor and Council, etc.*, Del. Super., 75 A.2d 272, 274 (1950). And see *Flait v. Mayor & Council of Wilmington*, Del.Supr., 97 A.2d 545 (1953).

2. We note with approval that the State, by enactment of a State Insurance Program, 18 *Del.C.* § 6501, etc., has provided for a waiver of immunity in § 6511, thus:

"By 9 *Del.C.* § 1101 the General Assembly provided, inter alia, that the County 'shall assume and have all powers which, under the Constitution of [this] State, it would be competent for the General Assembly to grant by specific enumeration, and which are not denied by statute.' The power to sue and be sued fits squarely within the quoted language and, in my opinion, constitutes a waiver of immunity. Compare, *Wilmington Housing Authority vs. Williamson, supra* [Del.Supr., 228 A.2d 782 (1967)]."

On appeal, this Court affirmed, saying:

"We agree with the Court below that 9 *Del.C.* § 1101 constitutes a waiver of the County's sovereign immunity. That section provides that the County 'shall assume and have all powers which, under the Constitution of State, it would be competent for the General Assembly to grant by specific enumeration, and which are not denied by statute . . . .' Since the General Assembly has constitutional authority under Del.Const., Art. I, § 9 to waive the County's sovereign immunity, the terms of 9 *Del.C.* § 1101 contain such a waiver [Del.Supr., 305 A.2d at 619]."

The Charter of the City of Wilmington, § 1–101, provides as follows:

". . . The City shall have and exercise all express and implied powers and authority of local self-government and home rule, which, under the Delaware Constitution, it would be competent for the General Assembly to grant to the City by specific enumeration and which are not denied by general statute . . ."

For present purposes, this language is indistinguishable in principle and purpose from that found in the New Castle County Charter. Indeed, the critical words are precisely the same: each governmental unit is given "all . . . powers" which "under the . . . Constitution" it "would be competent for the General Assembly to grant" and "which are not denied by . . . statute."

█ Logic, consistency and common justice require us to construe the same language in the same way in separate actions against County and City. We do so and, following *Varity*, we hold that § 1–101 of the City Charter is a waiver of its sovereign immunity, at least to the limit of the issues tendered in this lawsuit.

The City relies upon *Flait v. Mayor & Council of Wilmington*, supra, which has been followed by the Trial Courts in immunizing a municipality from liability for the negligence of its agent while performing a governmental function. That, too, was a tort case, founded on allegation of injuries resulting from the negligent operation of a City fire engine. Following case law long applied in Delaware, this Court concluded that

". . . in view of the repeated application of the doctrine of municipal immunity from suit by our courts, . . . we are not at liberty to ignore or overturn it."

97 *A.2d* at 546. And it affirmed a Superior Court judgment dismissing the complaint on immunity grounds. But the Court made plain its extreme reluctance to apply the doctrine because "of the manifest injustices that can result from an absolute immunity granted a municipality." 97 *A.2d* at 546. Indeed, but for *stare decisis*, the Court would have reached a different result, and said so in so many words:

"We are frank to say that if this was a question of first impression, we would be disposed to accept the appellants' arguments against municipal immunity to suit for tort, since it would seem to be a matter of common justice that a loss occasioned by the negligent performance of a function designed to benefit the community as a whole should fall upon the community generally, rather than upon the hapless individual injured through no fault of his own."

97 *A.2d* at 545.

In this case, we are presented with different circumstances than those before the Court in *Flait*. These arise, not from a different view of pre-*Flait* cases, but from

two significant events which occurred after *Flait* was decided. The first of these was adoption of a new City Charter, effective July 1, 1965, under the Home Rule Statute, 22 *Del.C.* § 802,[3] which included § 1–101, quoted above. The second event was the *Varity* opinion which determined that comparable language to § 1–101 did not shield New Castle County from liability for a negligent injury caused by its agent.

Given these events, we hold that *Flait* no longer states the governing law on municipal immunity. And any expressions to the contrary found in *Eastern Union Co. of Delaware, Inc. v. Moffat Tunnel Improvement Dist.*, Del.Super., 178 A. 864 (1935), or other cases are overruled.

### III

■ The City argues also that the complaint should be dismissed because plaintiffs did not give notice of the claim within the time required by Statute. This contention is based upon 10 *Del.C.* § 8124, which provides:

"No action, suit or proceeding shall be brought or maintained against the Mayor and Council of Wilmington for damages on account of physical injuries, death or injury to property by reason of the negligence of the Mayor and Council of Wilmington or any of its departments, officers, agents or employees thereof, unless the person by or on behalf of whom such claim or demand is asserted shall, within one year from the happening of such injury, notify the Mayor in writing of the time, place, cause and character of the injuries sustained."

This argument was not made in the Superior Court and it comes too late here. See Supreme Court Rule 8.[4]

■ Clearly, § 8124 is a "notice" statute, designed to inform the City, within one year after the "happening" of an injury, about the details of a claim. At best, any

failure to comply with its terms could have been raised as an affirmative defense and failure to plead it amounts to a waiver under Superior Court Rule 8(c).

The judgment of the Superior Court is affirmed.

---

3. See the discussion in *Gage v. City of Wilmington*, Del.Supr., 293 A.2d 555, 557 (1972).

4. Rule 8 states:

"Only questions fairly presented to the trial court may be presented for review, provided, however, that when the interests of justice so require, the Court may consider and determine any question not so presented."