Douglas S. THOMAS and Dorothy L. Thomas, his wife, Plaintiffs below, Appellants,

and

Asco, Ltd., a Delaware Corporation, and Frank T. Hendry, Jr., Defendants below, Appellants,

v.

MAYOR AND COUNCIL OF the CITY OF WILMINGTON, Robert Hubbard, as Commissioner of the Department of Licenses and Inspections of the City of Wilmington, State of Delaware, and Individually, and North Dowling, 3rd, Defendants below, Appellees.

Supreme Court of Delaware.

Submitted June 14, 1978.

Decided July 25, 1978.

---

Richard A. Levine, of Young, Conaway, Stargatt & Taylor, Wilmington, for plaintiffs-appellants.

Eduard F. vonWettberg, 3rd, and Daniel H. Krapf, of Morris, James, Hitchens & Williams, Wilmington, for defendants-appellants Asco, Ltd. and Frank T. Hendry, Jr.

Robert D. Goldberg, First Asst. City Sol., Wilmington, for defendants-appellees Mayor and Council of the City of Wilmington, Robert Hubbard and North Dowling, 3rd.

Before HERRMANN, C. J., DUFFY and McNEILLY, JJ.

DUFFY, Justice:

In this action against the City of Wilmington, two of its employees and other defendants, plaintiffs seek compensatory and punitive damages based upon alleged negligence, gross negligence, fraud and deceit. The claim arises out of the purchase by plaintiffs of a Wilmington residence which was financed in part through a mortgage guaranteed by the Veterans Administration. Compliance with the Wilmington Housing Code, a required condition of the mortgage, was warranted by the sellers. The action against the City and its employees is based on alleged failure to discover violations of the Housing Code and/or to inform plaintiffs about them prior to settlement.

The Superior Court granted the motion of the City and its two employees to dismiss the complaint and this appeal followed. Two issues are submitted for decision, both of which relate only to the judgment for the City and its employees.

■ The first issue involves the doctrine of municipal immunity, that is, immunity from responsibility for a negligent act of a city employee while performing a governmental function. The Trial Court dismissed the complaint as to the City after determining that the doctrine barred the claim asserted by plaintiffs. For the reasons stated in *The City of Wilmington v. Spencer*, Del. Supr., 391 A.2d 199 (July 25, 1978), decided today, that ruling was erroneous and, as to the City, the judgment must be reversed.

■ The second issue concerns a contention by the employees, Robert Hubbard and North Dowling, 3rd, that they are exempt from liability by virtue of a City ordinance, 2 *Wilm. C.* § 34–7, which reads as follows:

> "No member, officer or agent of the Department of Licenses and Inspections shall be sued or held to liability for any act done or omitted in good faith and with ordinary discretion on behalf of or under such Department, or pursuant to the Charter of the City, or any statutes, ordinances or rules and regulations under which such Department has authority to act."

The Trial Court dismissed the complaint as to Hubbard and Dowling after noting that plaintiffs concede that there is no evidence which suggests that these defendants acted in bad faith. It seems to us, however, that the Court misread both the ordinance and the complaint. Under § 34–7, an agent of the Department is not exonerated from liability unless he acted *both* in good faith *"and with ordinary discretion"* (emphasis added). These requirements are stated in the conjunctive and, plainly, both must be shown before an agent is entitled to the benefit of § 34–7. At this time in the lawsuit only the complaint is before the Court and, under familiar and settled law, the well-pleaded allegations therein must be taken as true; and, of course, plaintiffs get the benefit of any reasonable inferences from the allegations.

So viewed, it cannot be determined as a matter of law that the conduct charged to Hubbard and Dowling involved only acts which were performed with ordinary discretion. We note particularly that by a letter dated July 16, 1975, Hubbard stated that "the property is in reasonable compliance with the Code" and that by a letter dated one day earlier he had listed various violations of the same Code.

It follows that Hubbard and Dowling are not entitled to exoneration at this stage of the proceeding and that the judgment of the Superior Court so holding must be reversed.

Reversed and remanded for proceedings consistent herewith.