# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
# IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| JEFFREY FURMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. N10C-10-164 CLS |
| DELAWARE | ) | |
| DEPARTMENT OF | ) | |
| TRANSPORTATION, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SCOTTSDALE | ) | |
| INDEMNITY COMPANY, | ) | |
| | ) | |
| Third-Party | ) | |
| Defendant. | | |

Date Submitted: April 8, 2014
Date Decided: July 9, 2014

On Third-Party Defendant's Motion to Dismiss. **GRANTED.**

# **ORDER**

Bruce C. Herron, Esq., Losco & Marconi, P.A., Wilmington, Delaware. Attorney for Third-Party Defendant Scottsdale Indemnity Company.

Frederick H. Schranck, Esq., Delaware Attorney General, Delaware Department of Justice, Dover, Delaware 19903. Attorney for Defendant Delaware Department of Transportation.

Anthony A. Figliola, Jr. Esq., Figliola & Figliola, Wilmington, Delaware 19810. Attorney for Plaintiff.

**Scott, J.**

## Introduction

Before the Court is Third-Party Defendant Scottsdale Indemnity Company's ("Scottsdale") motion to dismiss Defendant Delaware Department of Transportation's ("DelDOT") Third-Party Complaint in this personal injury action. The Court has reviewed the parties' submissions. For the following reasons, Scottsdale's motion is **GRANTED.**

## Background

On October 24, 2008, Jeffrey Furman ("Plaintiff") suffered injuries after falling into an uncovered maintenance box while crossing Pennsylvania Avenue in Wilmington, Delaware.[1] On October 19, 2010, Plaintiff filed this suit against DelDOT alleging that DelDOT was responsible for the maintenance of Pennsylvania Avenue and that it failed to maintain the roadway and to warn of the hazardous condition.[2] On December 20, 2010, DelDOT filed a motion to dismiss asserting the defense of sovereign immunity and attaching the affidavit of Debra Lawhead ("Ms. Lawhead"), Insurance Coverage Officer for the State of Delaware, to show that neither the State nor DelDOT had waived immunity because neither purchased insurance coverage applicable to Plaintiff's injuries.[3] The Court granted the motion based on statements contained in Ms. Lawhead's affidavit.[4] On

---

[1] Complaint at ¶ 6.
[2] *Id*. at ¶¶ 4, 15-16.
[3] D.I. 3.
[4] Order dated Mar. 29, 2011.

October 19, 2011, the Supreme Court reversed the decision, holding that, in order for this Court to rely on the affidavit, it was required to formally convert the motion into a summary judgment motion and provide notice to the parties.[5] The Court found that the trial court erred by ruling prematurely without giving Plaintiff an opportunity to discover whether an insurance policy existed.[6] Therefore, the court ultimately remanded the case to allow the trial court to reconsider the motion and provide a reasonable opportunity for the parties to present factual material.[7]

On remand, the Court allowed DelDOT to add Scottsdale as a party to this lawsuit.[8] On November 22, 2013, Plaintiff asserted a third-party claim against Scottsdale alleging that Scottsdale was liable for DelDOT's damages because it provided insurance coverage to DelDOT.[9] On March 26, 2014, DelDOT filed its Third-Party Complaint against Scottsdale.[10] In the Third-Party Complaint, DelDOT asserted that, after the case was remanded, the State provided a large amount of insurance coverage data from Ms. Lawhead's records to support her affidavit.[11] DelDOT acknowledged that Scottsdale did not agree that its policy covered Plaintiff's claim.[12] Nevertheless, DelDOT stated that, "[t]o the extent that any coverage exists from a Scottsdale policy for the claims made in this litigation,

---

[5] *Furman v. Delaware Dep't of Transp.*, 30 A.3d 771, 774 (Del. 2011).
[6] *Id.* at 774.
[7] *Id.* at 775.
[8] DelDOT Mot. to Add a Party, D.I. 23; Order dated Aug. 19, 2013.
[9] Amended Compl. at ¶¶ 19-20.
[10] D.I. 45.
[11] Third-Party Compl. at ¶ 4.
[12] *Id*. at ¶¶ 5-6.

Scottsdale must address the issues of liability and damages up to the limits of any such coverage."[13]

Scottsdale moved to dismiss DelDOT's Third-Party Complaint under Del. Super. Ct. Civ. R. 12(b)(6) on the ground that the unambiguous terms of the its policy (the "Scottsdale Policy") do not provide DelDOT coverage for Plaintiff's injuries. Specifically, Scottsdale argues that DelDOT is not the named insured, that the "Designated Premises Limitation" Endorsement, CG 21 44 07 98 (the "Endorsement"), demonstrates that Plaintiff's injuries are not covered by the policy, and that "the insurance policy precludes direct actions against the insurance company until or unless there is a settlement with the insured or a judgment against the insured."[14]

To support this motion to dismiss, Scottsdale has submitted a copy of the insurance policy at issue.[15] The "COMMON POLICY DECLARATIONS" page (the "CPD") provides that "DELAWARE STATE/INS. COVERAGE OFFICE" is the named insured and states that the "Business Description" is "SPECIAL EVENT-MEETINGS."[16] The CPD also states that the policy includes coverage

---

[13] *Id*. at ¶ 9.
[14] *Id.* at ¶ 11.
[15] Scottsdale Mot. to Dismiss, Ex. G. Scottsdale has also included correspondence, dated November 5, 2012, from Scottsdale to Ms. Lawhead explaining its denial of coverage for the claim at issue. Scottsdale Mot., Ex. F. In addition, Scottsdale submitted Attorney James A. Robb's ("Attorney Robb") opinion letter in order to refute the letter's significance in this case. Scottsdale Mot., Ex. H. In rendering this decision, the Court will consider only the Scottsdale Policy.
[16] Scottsdale Mot., Ex. G.

4

for "Commercial General Liability Coverage Part" for a premium of $4,250.[17]  In addition, the CPD states that the policy includes the forms and endorsements listed on the "SCHEDULE OF FORMS AND ENDORSEMENTS" page (the "Forms and Endorsements Page"), which includes, *inter alia*, the "COMMERCIAL GENERAL LIABILITY COVERAGE PART SUPPLEMENTAL DECLARATIONS" (the "Supplemental Declarations"), the "COMMERCIAL GENERAL LIABILITY COVERAGE FORM" ("CGL Coverage Form"), and the Endorsement.  The Endorsement contained the following terms:

POLICY NUMBER: CLI 0039385      COMMERCIAL GENERAL LIABILITY
CG 21 44 07 98

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

### LIMITATION OF COVERAGE TO DESIGNATED PREMISES OR PROJECT

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SCHEDULE**

| |
|---|
| Premises: |
| Project:<br>  SPECIAL EVENTS-MEETINGS- |

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

This insurance applies only to "bodily injury", property damage", "personal and advertising injury" and medical expenses arising out of:

1.  The ownership, maintenance or use of the premises shown in the Schedule and operations necessary or incidental to those premises; or

---

[17] *Id.*

5

2. The project shown in the Schedule.[18]

The Supplemental Declarations included the policy limits and the word "various" was entered under "Location of All Premises you Own, Rent, or Occupy".[19] The CGL Coverage Form contained a prohibition against direct legal action against Scottsdale to recover damages from an insured.[20]

In a brief response to the motion, Plaintiff argues that the motion should be denied because Attorney Robb has opined that the terms are ambiguous and asserts that the ambiguity should be determined by the trier of fact.[21]

## Standard of Review

When deciding a Rule 12(b)(6) motion to dismiss a complaint for failure to state a claim, the Court must accept all well-pleaded facts as true and draw all reasonable inferences in favor of the nonmoving party.[22]  The Court will dismiss the complaint only if "'it appears with reasonable certainty that the plaintiff could not prove any set of facts that would entitle him to relief.'"[23]  The Court only considers "the well-pleaded allegations in the complaint."[24]  When "matters outside the pleading are presented to and not excluded by the Court, the motion

---

[18]*Id.* (emphasis in original).
[19] *Id.*
[20] *Id.*
[21] D.I. 50. DelDOT did not file a response to Scottsdale's motion.
[22] *Thomas v. Mayor & Council of City of Wilmington*, 391 A.2d 203, 205 (Del. 1978); *Fehl v. J.W. Greer, Inc.*, 1981 WL 383065, at *1 (Del. Super. Aug. 6, 1981).
[23] *Doe v. Cahill*, 884 A.3d 451 (Del. 2005)(quoting *Ramunno v. Cawley*, 705 A.2d 1029, 1034 (Del. 1998)).
[24] *Id.*

6

shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."[25] However, the Court may consider documents outside the pleadings without converting the motion if "the document is integral to a plaintiff's claim and incorporated into the complaint" or if "the document is not being relied upon to prove the truth of its contents."[26] In those circumstances, the Court may dismiss the claim "if allegations in the complaint or in the exhibits incorporated into the complaint effectively negate the claim as a matter of law."[27]

## Discussion

"Under Delaware law, the interpretation of contractual language, including that of insurance policies, is a question of law."[28] The policy terms must be "read as a whole and given their plain and ordinary meaning."[29] The terms are ambiguous only if they are "reasonably susceptible of different interpretations."[30] When considering a motion to dismiss, the Court may not choose between those

---

[25] Del. Super. Ct. Civ. R. 12(b).
[26] *See Furman,* 30 A.3d at 774; *Vanderbilt Income & Growth Associates, L.L.C. v. Arvida/JMB Managers, Inc.*, 691 A.2d 609, 613 (Del. 1996); *See also Hillman v. Hillman*, 910 A.2d 262, 269 (Del. Ch. 2006) ("in certain circumstances, the court may consider the plain terms of documents incorporated in the complaint without thereby converting the motion into one for summary judgment").
[27] *VLIW Tech., LLC v. Hewlett-Packard Co.*, 840 A.2d 606, 614-15 (Del. 2003).
[28] *O'Brien v. Progressive N. Ins. Co.*, 785 A.2d 281, 286 (Del. 2001); *Cf. Hughes v. Kelly*, 2010 WL 3767624, at *3 (Del. Ch. June 30, 2010) ("However, the proper *application* of ambiguous contract provision is a question of fact that can rarely be determined at the motion to dismiss stage")(emphasis added).
[29] *O'Brien*, 785 A.3d at 291.
[30] *VLIW Tech., LLC,* 840 A.2d at 615.

differing interpretations.[31]  Instead, it may dismiss the complaint "only if the defendants' interpretation is the *only* reasonable construction as a matter of law."[32] If ambiguity exists, it "must be construed in a light most favorable to the non-moving party."[33]  However, the Court will not find ambiguity "simply because the parties do not agree on the proper construction."[34]  Likewise, it "should not 'destroy or twist policy language under the guise of construing it'"[35] or "torture policy terms to create an ambiguity where an ordinary reading leaves no room for uncertainty."[36]

To decide this motion, the Court has considered the Scottsdale Policy because the policy is integral to the third-party claim against Scottsdale and incorporated by reference in DelDOT's Third-Party Complaint.  The Third-party Complaint is based solely upon the issue of the coverage provided under the terms of the Scottsdale Policy.  In the Third-Party Complaint, DelDOT expressly states: "To the extent that any coverage exists from a Scottsdale policy for the claims made in this litigation, Scottsdale must address the issues of liability and damages up to the limits of any such coverage."[37]

---

[31] *Id.*
[32] *Id.*
[33] *Id.*
[34] *O'Brien*, 785 A.2d at 288.
[35] *Id.*
[36] *Id.*
[37] Third-Party Complaint at ¶ 9.

Reading the Scottsdale Policy as a whole, the Court finds that its terms are unambiguous because they are susceptible to only one reasonable interpretation: the Scottsdale Policy covered only those bodily injuries relating to special events and meetings. The CPD provides coverage for "Commercial General Liability Coverage Part," states that the "Business Description" is "SPECIAL EVENT-MEETINGS," and incorporates items listed on the Forms and Endorsements Page, which included the Endorsement.[38] The Endorsement was entitled "LIMITATION OF COVERAGE TO DESGINATED PREMISES OR PROJECT" and expressly states that it changes the policy and "modifies insurance provided under" "COMMERCIAL GENERAL LIABILITY COVERAGE PART."[39] The Endorsement provided that, if no entry appeared in the "Schedule," that further information would be shown in the Declarations. While there is no entry in the space provided for "Premises" in the Schedule, there is an entry for "Project", which was "SPECIAL EVENTS-MEETINGS-".[40] The Endorsement explained that the bodily injury coverage applied to "ownership, maintenance or use of the premises shown in the Schedule…; *or 2) The project shown in the Schedule.*"[41] The plain and ordinary meaning of these terms shows that the commercial general liability coverage under the Scottsdale Policy was modified by the Endorsement

---

[38] Scottsdale Mot., Ex. G.
[39] *Id.*
[40] *Id.*
[41] *Id.* (emphasis added).

9

and, thus, coverage for bodily injury was limited to those arising from "Special Events-Meetings." Consequently, the Third-Party Complaint is dismissed because the unambiguous terms of the Scottsdale Policy do not provide coverage for the claims at issue as the alleged injuries are unrelated to any special event or meeting.

## Conclusion

For the aforementioned reasons, Third-Party Defendant Scottsdale's Motion to Dismiss is **GRANTED.**

**IT IS SO ORDERED.**

/s/ Calvin L. Scott
**Judge Calvin L. Scott, Jr.**

10