**IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE**

**IN AND FOR NEW CASTLE COUNTY**

TERRY BRENNAN,

       Plaintiff,

       v.

ANNE K. SEVERANCE,

       Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

C.A. No. CPU4-14-000229

Submitted: September 13, 2014
Decided: October 3, 2014

Terry Brennan
1306 Painters Crossing
Chadds Ford, PA 19317
*Plaintiff, pro se*

Anne K. Severance
1033 Kendall Rd.
Wilmington, DE 19805
*Defendant, pro se*

**DECISION AFTER TRIAL**

**RENNIE, J.**

## INTRODUCTION

This is a breach of contract action arising from an alleged agreement to divide marital property between Plaintiff Terry Brennan ("Brennan") and Defendant Anne K. Severance ("Severance"). Trial was held on September 3, 2014. This is the Court's opinion on the relief sought by Brennan.

## FACTUAL BACKGROUND

Brennan and Severance were married for thirteen years until their separation in August 2012, following the death of their daughter. In connection with their divorce, the parties reached an oral agreement in which Severance would retain ownership and possession of the house they cohabited. In exchange, Severance agreed to pay Brennan $30,000.00 for his interest in the parties' assets. The agreement was referenced in an email that Severance sent to Brennan on September 3, 2014.[1] Additionally, the parties agreed that Brennan would relocate and take with him specific items of personal property.[2] On October 26, 2013, Severance sent a letter to Brennan in which she accused Brennan of removing property beyond their agreement.[3] Severance asserts that Brennan agreed that he would only take the contents of two rooms: (1) the master bedroom,[4] and (2) the family room.[5] However, according to Severance, in addition to taking the agreed-upon items, Brennan took additional property allegedly worth $37,400.00.[6]

Brennan has brought this lawsuit for breach of the agreement by Severance to pay him $30,000.00. Severance admits that the parties entered into a verbal agreement to pay Brennan

---

[1] *See* Pl.'s Ex. 1.

[2] There is no documentation in the record that references which items Brennan was authorized to remove from the house.

[3] *See* Pl.'s Ex. 2.

[4] The master bedroom consisted of a queen sized sleigh bed, with tempurpedic mattress and box spring; two night stands, tall dresser, chest with mirror; and thirty-five inch flat screen television. *See* Pl.'s Ex. 2.

[5] The family room consisted of a couch, loveseat, two side tables, bookcase, forty-eight inch flat screen television, surround sound system with speakers, pieces of wall art, and a large vase. *See* Pl.'s Ex. 2.

[6] *See* Pl.'s Ex. 2. Plaintiff testified that the items he took were his personal items, or were items that he was still paying for.

2

$30,000.00. However, she alleges that the agreement was made under duress, because Brennan refused to move out of the home otherwise. Although not raised as an affirmative defense in her answer, Severance, for the first time at trial, requested that any judgment in favor of Brennan be offset by the value of the extra property that he allegedly removed from the house without permission.[7]

## DISCUSSION

To prevail on a claim for breach of contract, the plaintiff must establish by a preponderance of the evidence that: (1) a contract existed between the parties; (2) the defendant breached an obligation imposed by the contract, and (3) the plaintiff suffered damages as a result of that breach.[8]

As set forth below, Brennan has met his burden of proving that Severance breached the contract between the parties. Severance concedes that the parties entered into an oral agreement for a buyout of Brennan's interest in their home as well as a division of personal property. Severance, however, challenges the validity of the agreement on the ground that she entered the agreement under duress.

In order to establish the defense of duress, Severance bears the burden of demonstrating by a preponderance of the evidence that:

> (1) the defendant was coerced to engage in the conduct charged by the use of, or a threat to use force against the defendant or another person, which a reasonable person in her situation would have been unable to resist; and (2) that the defendant did not intentionally or recklessly place herself in a situation in which it is probable she would be subjected to duress.[9]

---

[7] Severance stated at trial that she is not pursuing a counterclaim.

[8] *Gregory v. Frazer*, 2010 WL 4262030, *1 (Del. Com. Pl. Oct. 8, 2010); *VLIW Technology, LLC v. Hewlett-Packard, Co.*, 840 A.2d 606, 612 (Del. 2003).

[9] *Wonnum v. State of Delaware*, 942 A.2d 569, 577 (Del. 2007).

3

After considering the evidence presented at trial, it is clear that Severance failed to establish the elements of legal duress through testimony or otherwise. There was no testimony that Severance entered the agreement based on the use of force, or threat of use of force by Brennan against her. Further, there was no evidence adduced at trial that Severance was deprived of the free exercise of her will through threats from Brennan, or that she lacked an adequate legal remedy to protect her interests. Instead, Severance testified that she entered into the agreement because she was desperate to have Brennan leave the home. Such motivation by Severance does not rise to the level of duress that would invalidate the parties' contract.

In addition to Severance's duress argument, she for the first time at trial raised the affirmative defense of setoff. Specifically, she requested that any judgment in favor of Brennan be set off against the value of the extra personal property allegedly taken by Brennan. This defense fails for two reasons. First, Severance raised the defense for the first time at trial. "Generally, an affirmative defense must be pled or the defense is waived."[10] Severance's failure raise the defense of setoff as an affirmative defense in her answer to the complaint constitutes a waiver of the defense. Second, even if the defense was timely, Severance presented no credible evidence of the value of the items taken by Brennan. It is well settled under Delaware law that damages must be proven. "The law does not permit a recovery of damages which is merely speculative or conjectural."[11] Severance did not provide the Court with any basis to value the items allegedly taken by Brennan without permission. Severance's failure to timely raise the affirmative defense of setoff, and her failure to present any evidence to establish the value of the items to be setoff, leaves the Court with the evidence presented by Brennan. That evidence establishes that Severance breached the parties' enforceable agreement to pay Brennan

---

[10] *See Tydings v. Loewenstein,* 505 A.2d 443, 446 (Del. Super. 1986); *City of Wilmington v. Spencer,* 391 A.2d 199, 203 (Del. Super. 1978).

[11] *Laskowski v. Wallis,* 205 A.2d 825, 826 (Del. 1964) (quoting *Henne v. Balick,* 146 A.2d 394 (Del. 1958)).

$30,000.00 for his interest in the home. Accordingly, the Court finds that Brennan has met his burden of proving that Severance breached their contract.

## CONCLUSION

For the foregoing reasons, the Court finds in favor of Terry Brennan and against Anne K. Severance in the amount of $30,000.00 plus post-judgment interest at the rate of 5.75% per year until satisfied.

**IT IS SO ORDERED this 3rd day of October, 2014.**

The Honorable Sheldon K. Rennie,
Judge