# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

SUSAN HIGNUTT, )
)
        Plaintiff, )
)
        v. )
)   C.A. No. N15C-01-229 CLS
KENCREST SERVICES, )
INC. )
)
)
        Defendant. )

Date Decided:  December 1, 2015

On Defendant Kencrest Services Inc.'s Motion to Dismiss.
**DENIED in part and GRANTED in part.**

## ORDER

Patrick C. Gallagher, Esquire, Curley, Dodge & Funk, LLC, 250 Beiser Boulevard, Suite 202, Dover, Delaware, 19904.  Attorney for Plaintiff.

Justin P. Callaway, Esquire, Salmon, Ricchezza, singer & Turchi, LLP, 222 Delaware Avenue, Suite 700, Wilmington, Delaware, 19801.  Attorney for Defendant.

**Scott, J.**

On this 1st day of December, 2015, and upon Defendant Kencrest Services, Inc.'s ("Kencrest") Motion to Dismiss, the Court finds as follows:

1. This case arises from Plaintiff Susan Hignutt's ("Ms. Hignutt") termination of employment from Kencrest in February 2014. On January 29, 2015, Ms. Hignutt filed a Complaint, alleging four causes of action: (1) breach of contract; (2) unjust enrichment; (3) Worker's Compensation discrimination; and (4) breach of the covenant of good faith and fair dealing. Ms. Hignutt alleged that she worked for Kencrest from August 2008 until February 2014, and was paid a $10.71 hourly wage. Ms. Hignutt further alleged that she additionally accrued paid time off ("PTO") and "limited medical leave time hours" ("LTM") for each pay period, and that these two benefits do not expire. In this action, Ms. Hignutt seeks recovery of her accrued PTO and LTM, as well as interest, attorney's fees, and punitive damages. Kencrest filed this motion to dismiss under Del. Super. Ct. R. 12(b)(6) on April 1, 2015.

2. When deciding a Rule 12(b)(6) motion to dismiss a complaint for failure to state a claim, the court must accept all well-pleaded facts as true and draw all reasonable inferences in favor of the nonmoving party.[1] The court will dismiss the complaint only if "'it appears with reasonable certainty that the plaintiff

---

[1] *Thomas v. Mayor & Council of City of Wilmington*, 391 A.2d 203, 205 (Del. 1978); *Fehl v. J.W. Greer, Inc.*, 1981 WL 383065, at *1 (Del. Super. Aug. 6, 1981).

could not prove any set of facts that would entitle him to relief.'"[2]  The court only considers "the well-pleaded allegations in the complaint."[3]  When "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."[4]  However, the court may consider documents outside the pleadings without converting the motion if "the document is integral to a plaintiff's claim and incorporated into the complaint" or if "the document is not being relied upon to prove the truth of its contents."[5]  In those circumstances, the court may dismiss the claim "if allegations in the complaint or in the exhibits incorporated into the complaint effectively negate the claim as a matter of law."[6]

3. As to Count I Breach of Contract, Ms. Hignutt alleges that an implied-in-fact contract that existed due to the parties' course of conduct.  In other words, Ms. Hignutt provided services during her employment with Kencrest, in exchange for wages and benefits such as PTO and LTM.  Contrary to Kencrest's

---

[2] *Doe v. Cahill*, 884 A.3d 451 (Del. 2005) (quoting *Ramunno v. Cawley*, 705 A.2d 1029, 1034 (Del. 1998)).

[3] *Id.*

[4] Del. Super. Ct. Civ. R. 12(b).

[5] *See Furman v. Delaware Dep't of Transp.*, 30 A.3d 771, 774 (Del. 2011); *Vanderbilt Income & Growth Associates, L.L.C. v. Arvida/JMB Managers, Inc.*, 691 A.2d 609, 613 (Del. 1996); *see also Hillman v. Hillman*, 910 A.2d 262, 269 (Del. Ch. 2006) ("in certain circumstances, the court may consider the plain terms of documents incorporated in the complaint without thereby converting the motion into one for summary judgment").

[6] *VLIW Tech., LLC v. Hewlett-Packard Co.*, 840 A.2d 606, 614-15 (Del. 2003).

assertion, Ms. Hignutt's breach of contract argument is not based on the employee handbook. Thus, Ms. Hignutt has stated a claim upon which relief could be granted and satisfied her burden on a motion to dismiss.[7] Accordingly, Kencrest's motion to dismiss Count I of the Complaint is **DENIED**.

4. Ms. Hignutt asserts Count II Unjust Enrichment, in the alternative to Count I, alleging that a quasi-contract existed and that Kencrest was unjustly enriched by its retention of those accrued PTO and LTM benefits when Ms. Hignutt was terminated. This claim is merely in the alternative if Ms. Hignutt's breach of contract claim is not applicable, and is based on the same facts as the breach of contract claim. As such, and under Rule 8(a), Ms. Hignutt has satisfied her burden on a motion to dismiss for her unjust enrichment claim. Accordingly, Kencrest's motion to dismiss Count II of the Complaint is **DENIED**.

5. Ms. Hignutt seeks punitive damages in Count III of the Complaint, under 19 *Del. C.* § 2365. This section, however, does not provide for punitive damages. "Ordinarily this Court presumes that the legislature intended to exclude remedies not enumerated by statute."[8] Thus, Ms. Hignutt has failed to satisfy her burden for her punitive damages claim under Rule 12(b)(6). Accordingly,

---

[7] *See generally, Lawrence v. Dibiase*, 2001 WL 1456656 (Del. Super. Feb. 27, 2001).
[8] *Meltzer v. City of Wilmington*, 2008 WL 4899230, *5 (Del. Super. Aug. 6, 2008).

Kencrest's motion to dismiss the punitive damages claim pursuant to 19 *Del. C.* § 2365 is **GRANTED**.

6. Kencrest's motion to dismiss as to the punitive damages Ms. Hignutt seeks under Count IV of the Complaint is **GRANTED** because it was voluntarily withdrawn by Ms. Hignutt.

7. For the foregoing reasons, Defendant Kencrest's Motion to Dismiss as to Count I is **DENIED**; as to Count II is **DENIED**; and as to punitive damages under Counts III and IV is **GRANTED**.

**IT IS SO ORDERED.**

*/s/Calvin L. Scott*
**Judge Calvin L. Scott, Jr.**