**SUPERIOR COURT**
OF THE
**STATE OF DELAWARE**

VIVIAN L. MEDINILLA
JUDGE

LEONARD L. WILLIAMS JUSTICE CENTER
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DE 19801-3733
TELEPHONE (302) 255-0626

October 25, 2018

Joel H. Fredricks, Esquire
Weik, Nitsche, & Dougherty, LLC
305 N. Union Street, Second Floor
P.O. Box 2324
Wilmington, Delaware 19899

Theodore J. Segletes, III, Esquire
Law Offices of Chrissinger &
Baumberger
3 Mill Road, Suite 301
Wilmington, Delaware 19806

Re:   ***Burtran K. Marshall and Senithia Thomas v. Brittany A. Payne***
       <u>**Case No.: N16C-12-197 VLM**</u>

Dear Counsel:

This is the Court's ruling on Defendant's Motion to Amend Answer to Plaintiffs' Complaint. For the reasons stated below, the Defendant's Motion is **DENIED.**

### *Procedural and Factual Background*

The allegations in the Complaint arise from a motor vehicle accident that occurred on September 5, 2015, where Defendant's vehicle struck the vehicle that Burtran K. Marshall ("Plaintiff Marshall") was driving and wherein Senithia Thomas ("Plaintiff Thomas") was a passenger.[1] Plaintiffs allege Defendant was negligent when she disregarded a red light and struck Plaintiffs' vehicle.[2] Plaintiffs allege they have suffered personal injuries, pain and suffering, and medical expenses.[3]

On December 14th, 2016, Plaintiffs Burtran K. Marshall and Senithia Thomas

---

[1] Compl. ¶¶ 4-5.
[2] *Id.* ¶ 5.
[3] *Id.* ¶ 8.

("Plaintiffs") filed a complaint against Brittany A. Payne ("Defendant").[4] On March 16, 2017, Defendant filed an Answer to the Complaint.[5] On August 4, 2017, Defendant filed Answers to Plaintiffs' Interrogatories.[6] Plaintiff Thomas was deposed on September 15, 2017 and Plaintiff Burtran was deposed on June 29, 2018.[7] On November 21, 2017, Defendant was scheduled to be deposed but did not appear.[8] In the Trial Scheduling Order dated February 12, 2018, a deadline to amend the pleadings was not included because Defendant stated that the deadline was not necessary for the defense.[9]

On July 16, 2018, Defendant filed its Motion to Amend Answer to Plaintiffs' Complaint.[10] On August 1, 2018, Plaintiffs filed an Opposition to Defendant's Motion.[11] Defendant seeks to amend the Answer to include a counterclaim against Plaintiff Marshall for his negligence and "to assert specific affirmative defenses related to Mr. Marshall's negligence and Plaintiffs' failure to join an indispensable party."[12] Defendant argued in its Motion that under Delaware Superior Court Civil Rule 15(a), the Court should grant its Motion to Amend Answer to Plaintiffs' Complaint because justice so requires.[13]

Plaintiffs argue that where Defendant failed to plead an affirmative defense in its first responsive pleading, and does not fall within one of the two exceptions under Superior Court Civil Rule 8(c), Defendant has waived the defense.[14] In the alternative, Plaintiffs argued that even if Defendant did fall within one of the two recognized exceptions under Rule 8(c), Defendant fails to satisfy the prejudice prong under Rule 15(c).[15]

Oral arguments were heard on August 14, 2018 and the Court reserved its decision and requested supplemental briefing on the issue of how granting leave to amend would prejudice passenger Plaintiff Thomas. Defendant filed supplemental briefing on August 24, 2018. Plaintiffs filed their response on August 30, 2018.

---

[4] *See generally* Compl.
[5] Pls.' Resp. ¶ 1.
[6] *Id.* ¶ 3.
[7] *Id.* ¶ 5; Def.'s Mot. ¶ 7.
[8] Pls.' Resp. ¶ 5.
[9] *Id.* ¶ 4 (citing Ex. D).
[10] *See generally* Def.'s Mot.
[11] *See generally* Pls.' Resp.
[12] Def.'s Mot. ¶ 8.
[13] *See generally id.*
[14] Pls.' Resp. ¶ 7.
[15] *Id.* ¶ 8.

Defendant argues in its supplemental briefing that passenger Plaintiff Thomas would not be prejudiced by the Amendment because any claim Plaintiff Thomas would have against Plaintiff Marshall would relate back to the original Complaint.[16] Plaintiffs disagrees and argues that prejudice is established where the passed statute of limitations precludes Plaintiff Thomas from making a direct claim against Plaintiff Marshall.[17] This Court agrees.

## *Standard of Review*

Rule 15(a) allows a party to amend its pleading "only by leave of court or by written consent of the adverse party."[18] Further, leave of court "shall be freely given when justice so requires."[19] Although freely given, "justice may not require that leave to amend be freely given if the party seeking to amend has been inexcusably careless, or if the amendment would unfairly prejudice an opposing party."[20] Prejudice, "is to be tested by the terms of Rule 15(c) and leave to amend which would otherwise be freely given will be given with relation back consequences if the requirements of Rule 15(c) are met."[21]

## *Discussion*

First, this Court finds that Defendant fails to satisfy the exception under Superior Court Civil Rule 8(c). This rule mandates that a party shall assert any affirmative defenses including contributory negligence.[22] If a defendant does not plead an affirmative defense in its first responsive pleading, then the affirmative defense is waived.[23]

There are two recognized exceptions to this general rule.[24] First, there is an exception "where it is impossible to determine issues of the defendant's negligence

---

[16] Def.'s Suppl. Br. at 2.

[17] Pls.' Suppl. Br. at 1-2.

[18] DEL. SUPER. CT. CIV. R. 15(a).

[19] *Id.*

[20] *Hess v. Carmine*, 396 A.2d 173, 176 (Del. Super. 1978) (citing *Annone v. Kawasaki Motor Corp.*, 316 A.2d 209, 211 (Del. 1974)).

[21] *Id.* (citing *Annone*, 316 A.2d at 211).

[22] DEL. SUPER. CT. CIV. R. 8(c).

[23] *Schwartzkopf v. Esham*, 2003 WL 22853531, at *1 (Del. Super. July 1, 2003) (citing *James v. Glazer*, 570 A.2d 1150, 1153 (Del. 1990); *Cannelongo v. Fidelity America*, 540 A.2d 434, 440 (Del. 1888); *City of Wilmington v. Spencer*, 391 A.2d 199 (Del. Super. July 25, 1978)).

[24] *Id.* (citing *James*, 570 A.2d at 1153-54).

3

and proximate cause without considering the actions of the plaintiff[.]"[25] The second exception occurs "if evidence of an unpled affirmative defense is admitted without objection."[26]

This Court agrees that neither exception to Rule 8(c) applies in this case. The first exception is inapplicable as to Plaintiff Thomas. Since she was a passenger in Plaintiff Marshall's vehicle, her actions have nothing to do with the issue of Defendant's negligence or proximate cause. Second, the affirmative defense of comparative negligence is not admitted without objection, so the second exception is also inapplicable. Where Defendant cannot demonstrate why either exception is applicable, this Court finds that Defendant's Motion to Amend is waived as untimely as the affirmative defense was not raised in her initial responsive pleading.

Next in assessing the prejudice to Plaintiff Thomas if this Court allowed for an amendment, under Rule 15(c), an amendment to a pleading may relate back to the original pleading if certain conditions are met.[27] In order to determine if an amendment to add a party relates back under Rule 15(c), the Court utilizes a four-part test.[28] This analysis includes that "(1) the basic claim arose out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that the party will not be prejudiced in maintaining its defense; (3) the party to be brought in must know, or should have known but for a mistake concerning the identity of the proper party, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the prescribed limitations period."[29] The limitations period is a two year and 120-day period.[30]

In addition to the untimeliness of Defendant's Motion to Amend Answer, this Court finds that Defendant's proposed amendment would prejudice Plaintiff Thomas because the statute of limitations has passed. This Court agrees with Plaintiffs that a direct claim cannot be brought by Plaintiff Thomas against Plaintiff Marshall because it is outside of the two year and 120-day limitation period. Also, she would be prejudiced if Defendant were able to amend her answer to include a counterclaim

---

[25] *Schwartzkopkf*, 2003 WL 22853531, at *1 (citing *James*, 570 A.2d at 1153-54).

[26] *Id.* (citing *James*, 570 A.2d at 1153-54).

[27] DEL. SUPER. CT. CIV. R. 15(c).

[28] *Cordrey v. Doughty*, 2017 WL 4676593, at *3 (Del. Super. Oct. 11, 2017) (citing *Marro v. Gopez*, 1993 WL 138997, at *2 (Del. Super. Mar. 31, 1993)).

[29] *Id.* (citing *Marro*, 1993 WL 138997, at *2).

[30] *Reese v. Hollingsworth*, 2013 WL 5788657, at *3 (Del. Super. Oct. 17, 2013) (citing *Mullen v. Alarmguard of Delmarva, Inc.*, 625 A.2d 258, 261 (Del. 1993); DEL. SUPER. CT. CIV. R. 4(j)).

against Plaintiff Marshall and to assert a comparative negligence affirmative defense, where there would be no viable claim available to passenger Plaintiff Thomas, accordingly.

This Court finds there was no reasonable basis for the delay in Defendant asserting a comparative negligence affirmative defense or a counterclaim against Plaintiff Marshall.[31] Although it was suggested this was an oversight/mistake, for the reasons highlighted by the parties, this Court finds that Defendant's untimely leave to amend would unfairly prejudice Plaintiff Thomas under Rule 15 (c). Thus, Defendant's Motion to Amend Answer to Plaintiffs' Complaint is **DENIED**.

       **IT IS SO ORDERED.**

_____
Vivian L. Medinilla
Judge

---

[31] Defendant asserts that the reason for the delay in bringing the comparative negligence affirmative defense is that there was a typographical error in her Answer and she meant to reference the comparative negligence statute. The Court finds that this reason does not offset the rest of the analysis that weighs in favor of denial.