# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

DEUTSCHE BANK NATIONAL )
TRUST COMPANY, )
    Plaintiff, )
     )
    v. )    C.A. No.: N11L-03-097 ALR
     )
EUGENE MOSS, )
    Defendant. )

Submitted: January 15, 2016
Decided: January 26, 2016

## MEMORANDUM OPINION

*Upon Consideration of Plaintiff's Motion for Summary Judgment*
**GRANTED**

*Upon Consideration of Defendant's Motion for Summary Judgment*
**DENIED**

Jarret P. Hitchings, Esq., Duane Morris LLP, Wilmington, Delaware, and Brett L. Messinger, Esq., admitted *pro hac vice*, Attorneys for Plaintiff Deutsche Bank National Trust Company

Dean A. Campbell, Esq., The Law Office of Dean A. Campbell, LLC, Georgetown, Delaware, Attorney for Defendant Eugene Moss

**ROCANELLI, J.**

## Factual Background

On January 10, 2007, Defendant Eugene Moss executed a note ("Note") in favor of New Century Mortgage Corporation ("New Century") for a principal amount of $369,000.00 with initial payments of $3,123.94 per month.[1] The Note explicitly provided that monthly payments were subject to change.[2] Also on January 10, 2007, Moss executed a mortgage ("Mortgage") as security for repayment of the Note to Mortgage Electronic Registration Systems ("MERS") – acting as nominee for New Century – on property located at 210 Porky Oliver Drive, Middletown, Delaware, 19709 ("Property").[3] Moss resides at the Property. The Mortgage was recorded with the Recorder of Deeds of New Castle County on January 31, 2007.

On April 7, 2007, New Century filed for Chapter 11 bankruptcy. In May 2007, the Bankruptcy Court for the District of Delaware approved the sale of New Century's loan servicing business to Carrington Capital Management, LLC and Carrington Mortgage Services (collectively "Carrington"). On January 17, 2008, MERS – as nominee for New Century and then Carrington – assigned and transferred the Mortgage ("First Assignment") to Deutsche Bank Trust Company

---

[1] Aff. in Support of Plaintiff's Mot. for Summary Judgment (hereinafter "Plaintiff's MSJ Aff."), Aug. 14, 2015, Ex. A.
[2] *Id.*
[3] Plaintiff's MSJ Aff., Ex. B.

Americas ("DBTCA").[4] The First Assignment was recorded with the Recorder of Deeds on February 5, 2008.[5] DBTCA and Moss entered into a loan modification agreement on April 14, 2009, which provided that Moss's payments would be $1,908.57 per month.[6] Subsequently, on November 16, 2009, DBTCA assigned and transferred the Mortgage ("Second Assignment") to Plaintiff Deutsche Bank National Trust Company ("Deutsche Bank").[7] The Second Assignment was recorded with the Recorder of Deeds on April 13, 2010.[8]

Moss concedes that he has not made a payment on the Mortgage since September 2009 – approximately six (6) years.[9] Although Moss was afforded an opportunity to participate in a loss mitigation program with Deutsche Bank pursuant to 10 *Del C.* § 062A,[10] Moss chose not to engage in the program. Deutsche Bank is the holder of the Note and the Mortgage.

---

[4] Plaintiff's MSJ Aff., Ex. C.
[5] *Id.*
[6] Plaintiff's MSJ Aff., Ex. E.
[7] Plaintiff's MSJ Aff., Ex. D.
[8] *Id.*
[9] Moss. Depo. Jan. 14, 2015, 38:18-21.
[10] *See* 10 *Del. C.* § 5062A(a) ("In connection with any mortgage foreclosure action brought under § 5061 of this title with respect to an owner-occupied 1- to 4-family primary residential property, unless the mortgage is held by the seller of the subject property who does not hold more than 5 such mortgages, the defendant must have an opportunity to apply for relief under a federal loss mitigation program for which the defendant may be eligible including, but not limited to . . .").

## Procedural Background

Deutsche Bank filed a *scire facias sur* mortgage action against Moss in March 2011 seeking foreclosure on the Mortgage. Moss filed an answer to Deutsche Bank's complaint and pled several counterclaims, including: collateral estoppel, consumer fraud, common law fraud, equitable fraud, breach of contract, and violations of the Fair Debt Collection Practices Act. In October 2011 (and as amended in May 2012), Moss filed a motion for summary judgment with the Court. Deutsche Bank filed a motion in opposition thereto. Moss's motion for summary judgment was granted by Order dated December 18, 2013.

Deutsche Bank filed a timely appeal with the Delaware Supreme Court, which reversed and remanded the matter for further proceedings. In its Order, the Delaware Supreme Court noted the confusing nature of the proceedings and found that Moss raised factual doubts regarding whether Deutsche Bank owned the Mortgage, but the doubts raised by Moss were not uncontradicted, according to the Court and, therefore, summary judgment in favor of Moss was not warranted.[11] Moreover, the Supreme Court noted that, in order to prevail, Deutsche Bank must prove it has the right to foreclose.[12] Since there is no dispute regarding Moss's

---

[11] *Deutsche Bank Nat. Trust Co. v. Moss*, 99 A.3d 226 (TABLE) (Del. 2014).

[12] *See id.* at *3 ("But that failure is one that would be fatal to Deutsche Bank if it were moving for summary judgment for itself, and would justify the denial of its motion and force Deutsche Bank to face a trial where it would bear the burden of proving its right to foreclose.").

default, the only question is whether Deutsche Bank is the party in interest which is entitled to the relief it seeks, i.e. foreclose and, ultimately, possession.

On remand, the parties have submitted cross-motions for summary judgment. Specifically, Deutsche Bank filed a motion for summary judgment on August 14, 2015 and Moss filed his opposition thereto. Subsequently, Moss filed a motion to dismiss on November 10, 2015, and Deutsche Bank filed its opposition. Because Moss's motion to dismiss was submitted with various materials outside the pleadings, the Court gave notice to the parties that Moss's motion was converted to a motion for summary judgment.[13] Accordingly, the parties were afforded the opportunity to present all materials made pertinent to such a motion under Rule 56. This is the Court's ruling on the cross-motions for summary judgment.

## Discussion

### I. Standard of Review

The Court may grant summary judgment only where the moving party can "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[14] The moving party bears the

---

[13] *See* Super. Ct. Civ. R. 12(b) and 56; *see also Furman v. Delaware Dep't of Transp.*, 30 A.3d 771 (Del. 2011).
[14] Super. Ct. Civ. R. 56.

4

initial burden of proof and, once that is met, the burden shifts to the non-moving party to show that a material issue of fact exists.[15] At the motion for summary judgment phase, the Court must view the facts "in the light most favorable to the non-moving party."[16]

## II. Deutsche Bank has standing to foreclose on the Mortgage.

Moss argues that Deutsche Bank lacks standing to bring the present foreclosure action against Moss. Specifically, Moss contends that the Mortgage and Note could not have been validly transferred to Deutsche Bank because New Century filed for bankruptcy before the First Assignment and, therefore, Deutsche Bank is not entitled to foreclose on the Mortgage.

Deutsche Bank has standing to foreclose on the Mortgage. New Century's bankruptcy did not affect MERS ability to assign the Mortgage. Although New Century filed for bankruptcy before the First Assignment was effectuated, MERS was able to execute the First Assignment as nominee on behalf of Carrington – the successor and assign of New Century.[17] Deutsche Bank has established the validity of the First and Second Assignments. Under 10 *Del. C.* § 5061, an

---

[15] *Moore v. Sizemore*, 405 A.2d 679, 680–81 (Del. 1979).

[16] *Brzoska v. Olson*, 668 A.2d 1355, 1364 (Del. 1995).

[17] *See* Plaintiff's MSJ Aff., Ex. C. (explicitly providing for the First Assignment of the Mortgage from MERS "as nominee for New Century [] *its successors and assigns . . .*") (emphasis added).

5

assignee may bring a foreclosure action.[18] Further, under 6 *Del. C.* § 3-301, the holder of an instrument is entitled to enforce that instrument. Accordingly, Deutsche Bank – as assignee and holder of the Mortgage – has standing to foreclose on the Mortgage.

Moreover, any right Moss may have had[19] to challenge the assignment of the Mortgage is judicially estopped. "[U]nder the doctrine of judicial estoppel, a party may be precluded from asserting in a legal proceeding a position inconsistent with a position previously taken by him in the same or in an earlier legal proceeding."[20] Specifically, Moss originally admitted that Deutsche Bank was the owner of the Mortgage and Note and changed positions throughout the proceedings.[21]

---

[18] 10 *Del. C.* § 5061(a) (". . . upon breach of the condition of a mortgage of real estate by nonpayment of the mortgage money or nonperformance of the condition stipulated in such mortgage at the time and in the manner therein provided the mortgagee, the mortgagee's heirs, executors, administrators, successors or assigns may, at any time after the last day whereon the mortgage money ought to have been paid or other conditions performed, sue out of the Superior Court of the county wherein the mortgage premises are situated a writ of scire facias upon such mortgage directed to the sheriff of the county commanding the sheriff to make known to the mortgagor . . . ."); *see also CitiMortgage, Inc. v. Bishop*, 2013 WL 1143670, at *4 (Del. Super. Mar. 4, 2013) ("Under 10 *Del. C.* § 5061, an assignee may bring a foreclosure action.").

[19] Although the Court does not reach this issue, Deutsche Bank raised a question as to whether Moss had any standing to challenge the validity of any Mortgage assignment considering that Moss was not party to the assignments. *See, e.g.*, *Branch Banking & Trust Co. v. Eid*, No. CV 2013 WL 3353846, at *4 (Del. Super. June 13, 2013) (citing *CitiMortgage, Inc.*, 2013 WL 1143670, at *4) (noting that "[A] debtor is not a party to a mortgage assignment, is not a third party beneficiary to the assignment and cannot show legal harm as a result of the assignment. As such, the debtor has no legally cognizable interest in an assignment and therefore is not in a position to complain about it.").

[20] *Capaldi v. Richards*, 2006 WL 3742603, at *2 (Del. Ch. Aug. 9, 2006).

[21] *See Deutsche Bank Nat. Trust Co*, 99 A.3d at *1, *3 (As the Delaware Supreme Court described, "In Moss's Answer to Deutsche Bank's Complaint [. . .], Moss embraced the notion

6

## III. Deutsche Bank is entitled to summary judgment.

As a threshold matter, the Court finds it necessary to stress that this matter could have been properly resolved in 2013 had the parties presented the matter as it was presented to the Delaware Supreme Court, and now to this Court on remand. Deutsche Bank has standing to bring this foreclosure action. Moreover, it is undisputed that Moss executed the Note and the Mortgage. It is also undisputed that Moss defaulted on his payment obligations on the Mortgage. Indeed, Moss admits that he has not made payments on the Mortgage in over six (6) years. Moss has not sufficiently pled any other defense to a *scire facias sur* mortgage action.[22] Accordingly, judgment is entered in favor of Deutsche Bank.

## IV. Moss is not entitled to judgment on his counterclaims.

Moss takes the position that there are no genuine issues as to any material fact and that this Court can resolve all pending disputes as a matter of law. Moss has the burden of proof regarding his counterclaims, which are challenged by Deutsche Bank. Moss has not demonstrated that he is entitled to judgment as a

---

that Deutsche Bank was the owner of the [M]ortage and the [N]ote, and sought to enforce against Deutsche Bank a modification to the loan he entered into in 2009. Moss then changed course, and through counsel, filed a motion for summary judgment, [in which] Moss contended that [. . .] Deutsche Bank was not [. . .] the owner of the [M]ortage and the [N]ote." Also, the Supreme Court pointed out that "Moss had fundamentally shifted position[s]").

[22] *See CitiMortgage, Inc.*, 2013 WL 1143670, at *5 ("Delaware courts recognize the defenses of payment, satisfaction or avoidance."); *JPMorgan Chase Bank v. Hopkins*, 2013 WL 5200520, at *3 (Del. Super. Sept. 12, 2013) (recognizing only the defenses of payment, satisfaction, or avoidance for a *scire facias sur* mortgage).

matter of law on his claims against Deutsche Bank. It is not enough for a party to merely assert the existence of a disputed issue of fact.[23] Moss has not pled sufficient facts to substantiate his counterclaims to survive summary judgment and in fact, does not even claim there are factual issues in dispute. Moreover, to the extent that any of Moss's counterclaims do not arise under the Mortgage, they are improperly asserted in this *scire facias sur* mortgage action.[24] Finally, although Moss now argues that the Note has not been properly authenticated, the Note is not dispositive. *Scire facias sur* mortgage actions are *in rem* proceedings and "are based upon the mortgage, not the [n]ote."[25] Therefore, because this is an *in rem* proceeding to foreclose on the Mortgage and not an *in personam* action, Moss' arguments regarding the Note's authenticity are without merit. Accordingly, Moss is not entitled to judgment as a matter of law.

---

[23] *Carriere v. Peninsula Ins. Co.*, 810 A.2d 349 (TABLE) (Del. 2002).

[24] *See JPMorgan Chase Bank v. Hopkins*, 2013 WL 5200520, at *2 (Del. Super. Sept. 12, 2013) (". . . only claims that arise under the mortgage agreement subject to foreclosure can be asserted in a *scire facias sur* mortgage action."); *Harmon v. Wilmington Trust Co.*, 663 A.2d 487 (Del. 1995)("In general, only those claims or counterclaims arising under the *mortgage* may be raised in a *scire facias sur* mortgage foreclosure action.").

[25] *HSBC Mortgage Corp. (USA) v. Bendfeldt*, 2014 WL 600233, at *2 (Del. Super. Feb. 4, 2014) *aff'd sub nom. Bendfeldt v. HSBC Mortgage Corp. (USA)*, 2014 WL 4978666 (Del. Oct. 7, 2014).

## Conclusion

**NOW, THEREFORE,** this 26th day of January, 2016, Plaintiff Deutsche Bank's Motion for Summary Judgment is hereby **GRANTED,** Defendant Eugene Moss's Motion for Summary Judgment is hereby **DENIED,** and **JUDGMENT** is entered in favor of Plaintiff Deutsche Bank and against Defendant Eugene Moss.

**IT IS SO ORDERED**.

*Andrea L. Rocanelli*

_____

**The Honorable Andrea L. Rocanelli**