**Jeffrey FURMAN, Plaintiff
Below, Appellant,**

v.

**DELAWARE DEPARTMENT OF
TRANSPORTATION, Defendant
Below, Appellee.**

No. 203, 2011.

Supreme Court of Delaware.

Submitted: Sept. 21, 2011.
Decided: Oct. 19, 2011.

Anthony A. Figliola, Jr., Esquire, of Figliola & Facciolo, Wilmington, Delaware; for Appellant.

Frederick H. Schranck, Esquire, Department of Justice, Dover, Delaware; for Appellee.

Before STEELE, Chief Justice, HOLLAND and JACOBS, Justices.

JACOBS, Justice:

Jeffrey Furman ("Furman"), the plaintiff-below, appeals from a Superior Court order dismissing his complaint against the defendant-below, Delaware Department of Transportation ("DelDOT") on the ground that sovereign immunity barred the action. On appeal, Furman argues that the trial court improperly dismissed the complaint, because the court relied upon an affidavit extrinsic to the complaint, without affording him an opportunity for discovery. Because the Superior Court considered matters outside the pleadings, it erred by applying the Rule 12(b)(6) motion to dismiss standard instead of converting the motion to, and treating it as, a motion for summary judgment. We therefore reverse and remand for the trial court to reconsider the motion under the Rule 56 summary judgment standard.

## FACTUAL AND PROCEDURAL BACKGROUND

On October 24, 2008, Furman was injured while crossing Pennsylvania Avenue near Pasture Street in Wilmington, when he stepped into an uncovered maintenance box. Furman's complaint alleges that DelDOT was grossly negligent for failure to warn the public that the maintenance box was uncovered. Furman claims that, as a result, he suffered permanent physical injuries.

On October 9, 2010, Furman filed a Superior Court action for money damages against DelDOT, claiming that DelDOT was grossly negligent in failing to observe its duty to maintain a safe roadway.[1] In December 2010, DelDOT moved to dismiss the complaint on the ground of sovereign immunity. In support of its motion, DelDOT relied upon the affidavit of Debra A.

---

1. 10 *Del. C.* §§ 4001–4005.

Lawhead, the Insurance Coverage Administrator for the State of Delaware.

In her affidavit, Ms. Lawhead testified that: (i) her "duties include administration of insurance coverage in all instances [where] the State has waived sovereign immunity by establishing a State Insurance Coverage Program pursuant to 18 *Del. C.* Chapter 6501"; (ii) that she has "personal knowledge of the policies established by [the Insurance Determination] Committee"; and (iii) that neither the State nor DelDOT "purchased any insurance that I am aware of that would be applicable to the circumstances and events alleged in [Furman's] Complaint...." Ms. Lawhead also testified that the General Assembly had not appropriated any money to purchase this type of insurance, or enacted legislation allowing the State to be held liable for Furman's personal injury claim.

In opposing DelDOT's motion to dismiss, Furman disputed Ms. Lawhead's affidavit statement that she was not "aware" of any insurance purchased by the State that would cover the accident. That statement, Furman argued, was insufficient to show, *prima facie,* that DelDOT had not waived sovereign immunity, because it was not an "affirmative statement [that] the alleged acts are not covered by either self insurance or commercial insurance." Moreover, Furman insisted, it was error for the Superior Court to decide whether DelDOT had waived sovereign immunity at this procedural stage, because Furman "must be given the ability, through discovery, to determine what is self insured by the State, or what is covered under commercial insurance." Furman did not, however, submit an affidavit stating reasons why he could not present facts to challenge DelDOT's motion, as Rule 56(f) requires.[2]

■■ It is well-settled Delaware law that where the State has "no insurance coverage for the risks presented," the State has "not independently waived sovereign immunity under 18 *Del. C.* § 6511."[3] Conversely, "the existence of an insurance policy covering [a plaintiff's] claim could constitute a waiver of sovereign immunity under 18 *Del. C.* § 6511."[4] In this case the Superior Court determined as a matter of law that DelDOT had not waived sovereign immunity, and on that basis dismissed the complaint.

In so doing, the trial court relied exclusively on Ms. Lawhead's affidavit statement that "neither the State nor DelDOT has purchased insurance for the circumstances listed in the complaint." Accordingly, the trial court dismissed Furman's complaint under Rule 12(b)(6), because no insurance was available to cover Furman's loss. Furman appeals from that ruling.

### ANALYSIS

■■ We review a trial court's "rulings on motions to dismiss pursuant to Rule 12(b)(6) and motions for summary judgment *de novo.*"[5] The issue presented is whether the Superior Court erroneously granted DelDOT's motion to dismiss. Both parties agree that because DelDOT's

---

2. DEL.SUPER. CT. CIV. R. 56(f) ("Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the Court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or make such other order as is just.").

3. *Doe v. Cates,* 499 A.2d 1175, 1181 (Del. 1985).

4. *Id.* at 1183.

5. *Ramirez v. Murdick,* 948 A.2d 395, 399 (Del. 2008).

Rule 12(b)(6) motion to dismiss relied on "matters outside the pleadings" (*i.e.,* Ms. Lawhead's affidavit), the Superior Court's dismissal was "in effect" a summary judgment decision.

The trial court, however, applied the legal standard applicable to a Rule 12(b)(6) motion, without giving the parties prior notice that it was converting DelDOT's dismissal motion into a Rule 56 motion for summary judgment. Instead, the trial court dismissed the complaint based on Ms. Lawhead's affidavit statement that Furman would be "unable to prove a set of facts that could entitle him to relief." That was reversible error, Furman claims, because the trial court ruled prematurely without first affording him an opportunity to take discovery to explore whether, in fact, there existed a state insurance policy that would cover his claim.[6]

### A. Consideration of Materials Outside the Pleadings

In *Vanderbilt Income and Growth Associates v. Arvida/JMB Managers,*[7] this Court reversed a trial court grant of a Rule 12(b)(6) motion that relied on matters outside the pleadings. We held that there were only two exceptions to the general rule prohibiting consideration of such extrinsic material on a motion to dismiss: (i) where an extrinsic document is integral to a plaintiff's claim and is incorporated into the complaint by reference, and (ii) where the document is not being relied upon to prove the truth of its contents.[8] Neither exception is applicable here. Therefore, the trial court erred in relying on Ms. Lawhead's affidavit when deciding the motion to dismiss under Rule 12(b)(6) standards.

### B. Adequate Notice of Conversion

■ The Superior Court, if it wished to consider the Lawhead affidavit, was required under Rule 12(b) to formally convert the motion to dismiss into a motion for summary judgment. The Superior Court was also required to afford the parties adequate notice of the conversion. In *Appriva Shareholder Litigation Co., LLC v. EV3,*[9] we held that a trial court's conversion of a motion to dismiss into a summary judgment motion was procedurally defective because the court did not notify the parties in advance and afford them a reasonable opportunity to respond, as Rule 12(b) and Rule 56 require. We held that "the Superior Court must give the parties at least ten days notice of its intent to convert a Rule 12(b)(6) motion to dismiss into a Rule 56 motion for summary judgment."[10]

■ Under *Appriva,* this Court must consider: (i) whether the materials submitted require conversion of the motion to dismiss into one for summary judgment; (ii) whether the parties had adequate notice of the trial court's intention to convert; and (iii) if not, whether the trial court's failure to provide notice was harmless error.[11] Error is harmless if there is "no set

---

**6.** Specifically, Furman claims that because Ms. Lawhead "did not provide a definitive nor affirmative statement" as to whether the State has insurance to cover his injury claim, he "should [be] allow[ed] ... [to] ... conduct discovery and determine *definitively* what insurance the [S]tate has and what it covers."

**7.** 691 A.2d 609 (Del.1996).

**8.** *Id.* at 613. *See also, Malpiede v. Townson,* 780 A.2d 1075, 1090–92 (Del.2001) (holding consideration of provision in company's certificate of incorporation on motion to dismiss was not reversible error, where the material was easily authenticated, never contested and appropriate for judicial notice).

**9.** 937 A.2d 1275 (Del.2007).

**10.** *Id.*

**11.** *Id.* at 1286.

of facts on which plaintiffs could possibly recover." [12] In *Ramirez v. Murdick*,[13] we held that the trial court erred in failing to give notice to the parties before converting the Rule 12(b)(6) motion into a Rule 56 summary judgment motion, but because the facts were undisputed and the issue was purely one of law, the error was harmless. Here, however, the trial court's failure to provide the parties notice of conversion was not harmless. Because the court never gave notice that it intended to convert the motion to dismiss into a summary judgment motion, Furman was never afforded a reasonable opportunity to submit a Rule 56(f) affidavit, as Rule 12(b) contemplates. Unlike *Ramirez*, where the dismissal was decided solely on an issue of law,[14] here the dismissal was based on a disputed material fact, *viz.*, whether the State has insurance coverage that would cover Furman's claim.

Because the trial court improperly decided the motion to dismiss, we reverse and remand for the trial court to reconsider the motion under the correct legal standard, after affording the parties a reasonable opportunity to present all factual material relevant to a summary judgment motion.

## CONCLUSION .

The judgment of the Superior Court is reversed and the matter is remanded to the Superior Court, for proceedings consistent with this Opinion. Jurisdiction is not retained.

---

12. *Id.* at 1288 (citation omitted).

13. 948 A.2d at 395.

14. *Id.* ("This case turned upon the court's application of two statutes to undisputed facts.").