## IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

ANTOINETTE MARCONI, and )
ROY MARCONI )
                   )
        Plaintiffs, )
                   )
                   )    C.A. No.: CPU4-13-003182
                   )
        v. )
                   )
BRANDYWINE CHRYSLER JEEP, INC., )
CHRYSLER GROUP, LLC, and JIFFY )
LUBE SERVICE CENTER #312, )
                   )
        Defendants. )

Submitted:    September 19, 2014
Decided:     November 7, 2014

Matthew M. Bartkowski, Esq.
Heather Long, Esq.
Kimmel, Carter, Roman & Peltz, P.A.
Plaza 273
P.O. Box 8149
Newark, DE 19714
*Attorneys for Plaintiffs*

Matthew E. O'Byrne, Esq.
Casarino, Christman & Shalk
405 N. King Street, Ste 300
P.O. Box 1276
Wilmington, DE 19899
*Attorney for Defendant Jiffy Lube*

Nichole T. Whetham Warner, Esq.
Marshall, Dennehey, Warner,
Coleman & Goggin
1220 Market Street, 5th Floor
P.O. Box 8888
Wilmington, DE 19899
*Attorney for Chrysler Defendants*

## MEMORANDUM OPINION AND ORDER

This is an appeal from the Justice of the Peace Court pursuant to 10 *Del. C.* § 9571. Plaintiffs Antoinette and Roy Marconi ("Plaintiffs") brought this breach of contract action against Defendants Brandywine Chrysler Jeep, Inc. and Chrysler Group, LLC (collectively, "the Chrysler Defendants") and Defendant Jiffy Lube Service Center #312 ("Jiffy Lube") for damages to Plaintiff's vehicle, which was sold and manufactured by the Chrysler Defendants, and serviced by Jiffy Lube.

On October 9, 2013, Plaintiffs filed a Notice of Appeal from an Order of the Justice of the Peace Court dismissing with prejudice Plaintiffs' case against the Chrysler Defendants, holding that the statute of limitations had run.

On December 16, 2013, the Chrysler Defendants filed a Motion to Dismiss ("the Motion") arguing that the Court does not have jurisdiction over this matter because Plaintiffs failed to perfect the appeal under *Court of Common Pleas Civil Rule* 72.3(c) and the mirror image rule, and that Plaintiffs' claims are barred by the statute of limitations pursuant to 6 *Del. C.* § 2-725. On September 19, 2014, this Court held a hearing on the Motion. The Court found that Plaintiffs complied with Rule 72.3(c), however it reserved decision on the Chrysler Defendants' mirror image rule argument and statute of limitations argument.

At the hearing, the parties stipulated that with regard to the Chrysler Defendants' statute of limitations argument, the Motion relied on matters outside of the pleadings, thereby converting the motion to dismiss into a motion for summary judgment.[1] Accordingly, the Court afforded Plaintiffs ten days to file a supplemental argument, and the Chrysler Defendants to file a supplemental affidavit.

---

[1] *See Furman v. Delaware Dept. of Transp.*, 30 A.3d 771 (Del. 2011).

**FACTS AND PROCEDURAL BACKGROUND**

On June 19, 2009, Plaintiffs purchased a 2008 Chrysler Pacifica ("vehicle") from Defendant Brandywine Chrysler Jeep, Inc. ("Brandywine Chrysler"). This vehicle was manufactured by Defendant Chrysler Group, LLC ("Chrysler Group, LLC"). On April 18, 2012 the Plaintiffs took the vehicle to be serviced at Jiffy Lube, and Jiffy Lube changed the vehicle's oil and oil filter.[2] On December 15, 2012, about three years and six months after purchasing the vehicle, Plaintiffs brought the vehicle to Brandywine Chrysler stating that the 'check engine' light was on, and that the engine stalled while driving and subsequently would not start.[3] Upon inspection, Brandywine Chrysler observed damage to the crank-shaft and "oil starvation" in the engine.[4] Plaintiffs however, "declined further work," as evidenced by an invoice from Brandywine Chrysler.[5] At that point, the Chrysler Defendants denied coverage of the engine repair, and Plaintiffs brought this breach of contract action.[6]

On March 22, 2013 Plaintiffs filed a complaint in the Justice of the Peace Court against the Chrysler Defendants and Jiffy Lube. Plaintiffs' complaint alleged that "the defendants improperly repaired, maintained and/or manufactured the plaintiff's [sic] 2008 Chrysler causing the engine to malfunction."[7] Plaintiffs sought damages for the cost of the

---

[2] Jiffy Lube also provided other services, however they are not relevant to this matter.

[3] Defendants' Motion to Dismiss at paragraph 18.

[4] Defendants' Motion to Dismiss Exhibit F.

[5] *Id.*

[6] Defendants' Motion to Dismiss at paragraph 18.
[7] Plaintiffs' JP Complaint Page 1.

engine repair and the cost of the rental car that Plaintiffs used while the repairs were being made on their vehicle.

On September 24, 2013, the Justice of the Peace Court dismissed the action after finding that Plaintiffs' claims were barred by the statute of limitations pursuant to 6 *Del.C.*§ 2-725. The court concluded that Plaintiffs' claims were filed two years after the expiration of the four-year statute of limitations because Plaintiffs filed their complaint on March 22, 2013, and the cause of action accrued on September 24, 2007.

On October 9, 2013, Plaintiffs filed the Complaint on Appeal in this Court, maintaining that the vehicle "suffered catastrophic failure" after the 'check engine' light turned on, and that Brandywine Chrysler and Jiffy Lube were negligent in servicing and inspecting the vehicle. Plaintiffs also allege that the Chrysler Defendants breached express or implied warranties for the vehicle. Plaintiffs also aver that the Chrysler Defendants "failed to warn the [P]laintiffs below, appellants[,] of the potential hazard existing in the engine of the 2008 Chrysler Pacifica," and that they "failed to inform the [P]laintiffs below, appellants[,] of the proper service procedures for the 2008 Chrysler Pacifica."[8]

On December 16, 2013, the Chrysler Defendants filed the present motion, which was heard on September 19, 2014.

**PARTIES' CONTENTIONS**

In its motion, the Chrysler Defendants contend the following: (1) that Plaintiffs failed to comply with *Court of Common Pleas Civil Rule* 72.3(c) by failing to state the grounds of the

---

[8] *Id.*

4

appeal; (2) that Plaintiffs' Complaint on Appeal violates the Mirror Image Rule codified in *Court of Common Pleas Civil Rule* 72.3(f); and (3) that Plaintiffs' cause of action is barred by the statute of limitations imposed by 6 *Del. C.* § 2-725(1).[9]

Regarding the Chrysler Defendants' argument of the Mirror Image Rule, they claim that Plaintiffs have added new language to the complaint on appeal that is different from the complaint below. The Chrysler Defendants allege that the "failed to warn" and "failed to inform" language in the complaint on appeal but not in the complaint below, is new language and as such is a violation of the Mirror Image Rule.

With respect to the third argument concerning the statute of limitations, the Chrysler Defendants contend that Plaintiffs filed the complaint below outside of the applicable statute of limitations. The Chrysler Defendants contend the vehicle is covered by a repair and replace warranty, governed by 6 *Del. C.* § 2-725. Under § 2-725, an action for breach of contract must commence within four years after the cause of action accrued. The Chrysler Defendants further maintain that under Delaware law, the date Chrysler LLC., delivered the vehicle to Brandywine Chrysler is the accrual date, and because the vehicle was delivered on September 24, 2007, Plaintiffs' claims, filed on March 22, 2013, are outside of the statute of limitations.

In response to the Chrysler Defendants' latter two claims, Plaintiffs contend that the complaint on appeal does not violate the Mirror Image Rule because the complaint on appeal merely asserts with specificity those causes of action that were before the Justice of the Peace Court; Plaintiffs also contend that there are genuine issues of material fact

---

[9] Since I already found that Plaintiffs complied with Rule 72.3(c), I will not address the Chrysler Defendants' first claim in detail.

regarding the Chrysler Defendants' statute of limitations argument, rendering consideration of the Motion premature.

Plaintiffs further argue that the complaint on appeal does not violate the Mirror Image Rule because it does not raise any new issues. Plaintiffs maintain that by including the "failed to warn" and "failed to inform" language, the complaint on appeal merely states the claims from the complaint below with specificity and does not alter the subject matter of the case below. They go on to contend that there is no mirror image rule violation because such language falls within the manufacturing issues asserted in the complaint below.

Plaintiffs also argue that there are genuine issues of material fact regarding the Chrysler Defendants' statute of limitations argument because the actual type of warranty that covered the vehicle is unclear. The type of warranty which covers the vehicle is determinative when the cause of action accrued and thus, when the statute of limitations under 6 *Del. C.* § 2-725 runs. Additionally, Plaintiffs contend that the Vehicle Information Detail Report, which contains the date of delivery, is unclear and creates another genuine issue of material fact since the delivery date triggers the start of the four-year statute of limitations applicable to repair and replace warranties.

## DISCUSSION

Addressing the issues seriatim:

### A. The Mirror Image Rule

The Mirror Image Rule, as codified by *Court of Common Pleas Civil Rule* 72.3(f), provides that an appeal to this Court that "fails to join the identical parties and raise the same issues that were before the court below shall result in a dismissal on jurisdictional grounds."[10] Delaware courts have found that "[a]bsent good reason . . . the rule should not be applied to preclude a court from possessing subject matter jurisdiction."[11] In determining whether there is good reason to apply the rule, the Court must conduct a case-specific factual inquiry, looking for actual or potential prejudice resulting from the noncompliance at issue.[12] Moreover, where a litigant's complaint on appeal sets forth more specific legal claims, without shifting the subject matter of the case below, there is no mirror image rule violation.[13]

The language in the complaint on appeal, while not identical to the language in the complaint below, it brings the same claims and embraces the same subject matter. Both complaints allege that the Chrysler Defendants' action, or inaction, caused the engine of Plaintiffs' vehicle to malfunction. Moreover, while Plaintiffs vaguely claim that the Chrysler Defendants improperly repaired, maintained and/or manufactured the vehicle *causing* the engine to malfunction, the complaint on appeal unpacks this causation claim so that it may

---

[10] CCP CIV. R. 72.3(f).

[11] *Pavetto v. Hansen*, 2004 WL 241964 at *2 (Del. Super. 2004).

[12] *Id.*

[13] *Sparks v. Kalicharan*, 2011 WL 3035227 at 4 (Del. Com. Pl. May 27, 2011).

better focus on the applicable legal theories. Therefore, I find the pleadings on appeal do not violate the Mirror Image Rule.

## B. The Applicable Statute of Limitations

As noted *supra*, in the matter at hand, the Chrysler Defendants converted the motion to dismiss to a motion for summary judgment by attaching documents not within the pleadings to the motion. Accordingly, the Court will analyze the Motion under the summary judgment standard, as provided by *Court of Common Pleas Civil Rule* 12(b).

The Court will grant a motion for summary judgment if there is no genuine issue of material fact, and the moving party is therefore entitled to judgment as a matter of law.[14] In considering a motion for summary judgment, the Court must view the facts in a light most favorable to the non-moving party and accept, as established, all undisputed factual assertions.[15] A motion for summary judgment will not be granted where "a more thorough inquiry into the facts is desirable to clarify the application of the law to the circumstances."[16]

In the matter at hand, a genuine issue of material fact exists concerning the type of warranty that covered the vehicle. The Chrysler Defendants maintain that the vehicle is covered by a three year/36,000 mile express limited warranty, which is in fact, a repair and replace warranty. On September 19, 2014, at the hearing on the motion, although the Chrysler Defendants' counsel argued that the warranty in question is a repair and replace warranty, counsel did not provide any documents to support this statement. To date, the

---

[14] *McLaren v. Mercedes Benz USA, LLC.,* 2006 WL 1515834 at 2; CCP CIV. R. 56.

[15] *Id.* (citing *Merrill v. Crothall-American, Inc.,* 606 A.2d 96 (Del. 1992).

[16] *Ebersole v. Lowengrub*, 180 A.2d 467, 465 (Del. 1962).

Chrysler Defendants have failed to provide the Court with documents indicating the terms of the vehicle's warranty.

Plaintiffs argue that the warranty in question is a guarantee, or future performance warranty. Plaintiffs further maintain that this type of warranty is "of endless duration," and is subject to a different accrual time period, than a repair and replace warranty. To support this statement, Plaintiffs provided the Court with a 'frequently asked questions' document from Chrysler Group LLC.'s website entitled "New Chrysler Lifetime Powertrain Warranty Customers – Q&A."[17] The document lists model year vehicles covered by this warranty, and not covered by this warranty, and Plaintiffs' vehicle is listed as covered. Finally, the document poses the question, "What does lifetime mean?" to which it provides the answer: "Lifetime means lifetime."

In viewing the evidence in a light most favorable to the non-moving party, I find that there is a genuine issue of material fact as to what type of warranty covers the vehicle. A more thorough inquiry into the facts is needed to clarify the application of the statute of limitations and proper accrual date as provided by 6 *Del. C.* § 2-525. Accordingly, because I conclude that there is a genuine issue of material fact as to the type of warranty covering the vehicle, the date which the vehicle was delivered to Brandywine Chrysler by Chrysler Group LLC, becomes relevant upon the determination of that question, which is reserved.

---

[17] Plaintiffs' Response to Motion to Dismiss Exhibit M.

9

## CONCLUSION

For the foregoing reasons, the Chrysler Defendants' Motion to Dismiss/Motion for Summary Judgment is **DENIED**.

The Clerk shall schedule the matter for trial.

**SO ORDERED**

_____
Alex J. Smalls
Chief Judge

Marconi-OP  Nov 2014