# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

LESLIE KESTING,     )
    )
    Plaintiff,     )
    )
    v.     )     C.A. No. N14C-07-095 ALR
    )
RIVER ROAD SWIMMING CLUB     )
d/b/a RIVER ROAD SWIM CLUB,     )
RIVER TERRACE     )
COOPERATIVE, INC., UNITED     )
WATER DELAWARE, INC., CITY     )
OF WILMINGTON, DELAWARE,     )
NEW CASTLE COUNTY,     )
DELAWARE, STATE OF     )
DELAWARE, and PROGRESSIVE     )
POOL MANAGEMENT, INC.,     )
    )
    Defendants.     )

Submitted: December 12, 2014
Decided: December 15, 2014

***Upon Defendant State of Delaware's Motion for Summary Judgment***
**GRANTED**

Plaintiff Leslie Kesting alleges that on August 31, 2012, she slipped and fell

into an "open manhole" ("Manhole") at the intersection of Haines Road and River

Road, New Castle County, Delaware. Defendant State of Delaware filed a motion

for summary judgment pursuant to Rule 56.[1] Plaintiff opposes the State's motion. The Court heard oral argument.

Summary judgment may only be granted where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.[2] The Court must view the evidence in the light most favorable to the non-moving party.[3] If a material fact is in dispute or if it seems desirable to inquire more thoroughly into the facts in order to clarify the application of the law, summary judgment is inappropriate.[4] The moving party bears the burden of establishing the non-existence of material issues of fact.[5]

The Delaware Constitution prohibits citizens from suing the State unless otherwise permitted under state or federal law.[6] The State statutorily waives its sovereign immunity under 18 *Del. C.* § 6511 "as to any risk or loss covered by the state insurance coverage program, whether same be covered by commercially procured insurance or by self-insurance . . . ." In *Pajewski v. Perry*,[7] the Delaware Supreme Court held that it is insufficient for the State to invoke immunity under § 6511 "merely by showing . . . that there is neither commercial nor self-insurance

---

[1] Super. Ct. Civ. R. 56.
[2] Super. Ct. Civ. R. 56 (c); *Windom v. Ungerer*, 903 A.2d 276, 280 (Del. 2006).
[3] *Rizzitiello v. McDonald's Corp.*, 868 A.2d 825, 829 (Del. 2005).
[4] *Grasso v. First USA Bank*, 713 A.2d 304, 307 (Del. Super. 1998).
[5] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).
[6] *See* Del. Const. art. I, § 9; *Dep't of Cmty. Affairs & Econ. Dev. v. M. Davis & Sons*, 412 A.2d 939, 941 (Del. 1980); *Janowski v. Div. of State Police*, 981 A.2d 1166, 1169 (Del. 2009).
[7] 363 A.2d 429, (Del. 1976).

covering the liability for the kind of tortious conduct alleged in the complaint."[8]
The Supreme Court held that it is "incumbent upon the State to provide all of the facts as to how the Committee met its responsibilities . . . ."[9]

The Delaware Supreme Court has clarified its holding in *Pajewski* through two similar cases. In *Doe v. Cates*,[10] the Supreme Court provided an exhaustive examination of the State Insurance program and its relationship to waiver of sovereign immunity.[11] In *Pauley v. Reinoehl*[12], the Supreme Court crystallized a more passive judiciary role in determining waiver under § 6511:

> The doctrine of sovereign immunity is not judicially created nor can it be abolished or modified by judicial opinion. When, where, under what circumstances, and to what degree the State purchases commercial insurance to cover a risk, acts to self-insure or to remove any cap on the State's exposure to damages, is entirely a matter for the General Assembly.[13]

The State has carried the burden required for granting summary judgment on the ground that it has not waived its sovereign immunity under § 6511 because its insurance program does not provide coverage against the type of risk alleged in Plaintiff's complaint. The affidavit of State Coverage Administrator Debra Lawhead confirms that the State has neither purchased commercial insurance nor

---

[8] *Id.* at 436.
[9] *Pajewski v. Perry*, 363 A.2d 429, 436 (Del. 1976).
[10] 499 A.2d 1175, (Del. 1985).
[11] *Id.* at 1178-79.
[12] 848 A.2d 569, (Del. 2004).
[13] *Pauley v. Reinoehl.* 848 A.2d 569, 576 (Del. 2004).

3

established a self-insurance program that would be applicable under the circumstance. Plaintiff's argument that the State must affirmatively show a reason for lack of insurance coverage is contrary to the Supreme Court's holdings in *Cates* and *Pauley*.

The Court rejects Plaintiff's reliance upon *Furman v. DelDOT*[14] in which the Delaware Supreme Court reversed the grant of summary judgment to the State by the Superior Court. The Delaware Supreme Court ruled that the trial court should have given the plaintiff an opportunity to respond to matters outside the pleadings when a motion to dismiss was converted to a motion for summary judgment. In the case before this Court, on the other hand, Plaintiff has had the opportunity to present factual material relevant to the motion for summary judgment, and Plaintiff concedes that she has no basis in fact or law to claim that the State had procured insurance contrary to the sworn statement provided by the State. Accordingly, *Furman* is not applicable here.

When the State's motion is viewed in a light most favorable to Plaintiff, there are no genuine issues of material fact. The State is entitled to judgment as a matter of law and its motion for summary judgment must be granted.

---

[14] 30 A.3d 771 (Del. 2011).

**NOW, THEREFORE,** this 15th day of December, 2014, Defendant State of Delaware's Motion for Summary Judgment is hereby **GRANTED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____

**The Honorable Andrea L. Rocanelli**