# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STEVE WARD and FRANCIS )
TRESSA, individually and on behalf of )
all other similarly situated persons, )
                               )
         Plaintiffs,             )   C.A. No. N17C-10-199 MMJ
                               )
        v.                     )
                               )
CAREFUSION SOLUTIONS, LLC, )
                               )
        Defendant.          )

Submitted: February 8, 2018
Decided: March 13, 2018

## OPINION

Daniel C. Herr, Esq. (Argued), Jack D. McInnes, Esq., Attorneys for Plaintiffs and the Putative Class

Elizabeth S. Fenton, Esq., Danielle N. Petaja, Esq., Saul Ewing Arnstein & Lehr LLP, Matthew J. Hank, Esq. (Argued), Helga P. Spencer, Esq., Littler Mendelson P.C., Attorneys for Defendant CareFusion Solutions, LLC

**JOHNSTON, J.**

## FACTUAL AND PROCEDURAL CONTEXT

This is a class action suit brought to recover allegedly unpaid wages and work expenses. Defendant CareFusion Solutions, LLC ("CareFusion") licenses, sells, and leases assorted medical devices. CareFusion hired Steve Ward, Francis Tressa, and the putative class (collectively, "Plaintiffs"), to service CareFusion's products pursuant to a Maintenance and Service Agreement. Plaintiffs allege that they should

be classified as CareFusion's employees, not independent contractors. Plaintiffs further allege that, as employees, Sections 510, 1194, 1198, and 2802 of the California Labor Code entitle them to recover for CareFusion's failure to reimburse Plaintiffs for work-related expenses and CareFusion's failure to pay Plaintiffs overtime wages.

In response, CareFusion has filed this Motion to Dismiss, arguing that the California laws on which Plaintiffs rely do not apply to work performed outside of California. Plaintiffs counter by arguing that California law controls, because the Maintenance and Service Agreements designate California as the choice of law. Should the Court find that California law does not apply, the Plaintiffs seek leave to amend their complaint to add facts establishing Plaintiffs' presence within California and to include violations of Delaware and Pennsylvania law.

## MOTION TO DISMISS STANDARD

In a Rule 12(b)(6) motion to dismiss, the Court must determine whether the claimant "may recover under any reasonably conceivable set of circumstances susceptible of proof."[1] The Court must accept as true all well-pleaded allegations.[2] Every reasonable factual inference will be drawn in the non-moving party's favor.[3]

---

[1] *Spence v. Funk*, 396 A.2d 967, 968 (Del.1978).
[2] *Id.*
[3] *Wilmington Sav. Fund. Soc'y, F.S.B. v. Anderson*, 2009 WL 597268, at *2 (Del. Super.) (citing *Doe v. Cahill*, 884 A.2d 451, 458 (Del. 2005)).

2

If the claimant may recover under that standard of review, the Court must deny the motion to dismiss.[4]

## ANALYSIS

Generally, a court may not rely on materials extrinsic to the pleadings when ruling on a Rule 12(b)(6) motion.[5]  An exception to this rule exists when "an extrinsic document is integral to a plaintiff's claim and is incorporated into the complaint by reference."[6]  Plaintiffs' Complaint states that Plaintiffs brings their claims under California law "[p]ursuant to the choice of law clause contained in their Maintenance and Service Agreements" with CareFusion.[7]  The Court therefore may consider the Maintenance and Service Agreements when ruling on this motion.

There are two Agreements, both signed by representatives of CareFusion. One is signed by Ward as owner of Computers RX Ltd., and the other is signed by Tressa as owner/operator of Raymond Electronic Services.  Two clauses that appear in both Agreements are relevant to the resolution of this motion.

Section 23 of both Agreements is titled "Compliance with Laws" and states: "The Parties shall comply with all laws and regulations applicable to their respective performance of this Agreement."  Section 44 of both Agreements is titled

---

[4] *Spence*, 396 A.2d at 968.
[5] *See Furman v. Delaware Dept. of Transp.*, 30 A.3d 771, 774 (Del. 2011).
[6] *Id.*
[7] Compl. ¶ 4.

3

"Governing Law" and states: "This Agreement shall be governed by and construed in accordance with the laws of the State of California, without regard to that state's conflicts of law principles."

Plaintiffs do not allege that they performed any work in California. Plaintiffs instead rely entirely on the Agreements' choice-of-law provision for the inclusion of California causes of action in the Complaint. Whether the two clauses of the Agreements enable Plaintiffs to allege a valid claim under the California Labor Code requires an examination of the California courts' interpretation of the Code's extraterritorial application.

California courts presume that the state's statutes do not apply to occurrences outside of California.[8] This presumption against extraterritoriality can be rebutted when the "language . . . purpose, subject matter or history" of the statute in question clearly expresses or allows for a reasonable inference that the legislature intended for the statute to apply beyond the state's borders.[9]

Plaintiffs argue that the presence of a choice-of-law agreement creates the opposite presumption; that is, a law will apply extraterritorially unless it states otherwise. The basis of their argument is *Gravquick A/S v. Trimble Navigation International Limited*.[10] The *Gravquick* court held that "[i]f a state law does not

---

[8] *Sullivan v. Oracle Corp.*, 254 P.3d 237, 238 (Cal. 2011).
[9] *Id.*
[10] 323 F.3d 1219 (9th Cir. 2003).

4

have limitations on its geographical scope, courts will apply it to a contract governed by that state's law, even if parts of the contract are performed outside of the state."[11] However, later cases analyzing *Gravquick* clarified that when a choice-of-law clause imports California law, it necessarily brings California's presumption against extraterritorial application along with it.[12] This means that California's presumption against extraterritoriality is the sort of limitation on geographical scope contemplated by *Gravquick*.[13]

The proper question, therefore, is whether the language or legislative history of the subsections of the Labor Code on which Plaintiffs rely—Sections 510, 1194, 1198, and 2802—establish the legislative intent for the act to apply outside of California. In answering this question, *Gravquick* is not dispositive. That court analyzed the California Equipment Dealers Act, a subsection of the California Business & Professions Code, not the California Labor Code.[14] Other cases more directly address the subsections of the California Labor Code on which Plaintiffs rely.

In *O'Connor v. Uber Technologies, Inc.*, the court concluded that Labor Code Section 2802 did not apply extraterritorially because it found no legislative intent to

---

[11] *Id.* at 1223.

[12] *O'Connor v. Uber Technologies, Inc.*, 58 F. Supp. 3d 989, 1006 (N.D. Cal. 2014).

[13] *Id.* at 1005 ("While *Gravquick* makes clear one such circumstance is where the legislation contains an explicit limitation, there is no logical reason to reach a different result where that limitation is implicit . . . .").

[14] *Gravquick*, 323 F.3d at 1223.

5

the contrary.[15] The *O'Connor* court reasoned, in part, that "[w]here it so desired, the California legislature provided for extraterritorial applications; the California legislature did not so provide with respect to Section . . . 2802."[16]

It appears that there is no common law specifically analyzing California Labor Code Sections 510, 1194, and 1198, which define and create a civil cause of action on the basis of a failure to pay overtime or minimum wage. The language of these statutes does not suggest that these sections should apply outside of California. This finding is in accord with *Cotter v. Lyft, Inc.*[17] In *Cotter*, the court reached the conclusion that "California wage and hour law" in general does not apply outside of California and that "[p]arties cannot, by contract, extend its reach."[18]

When considering related statutes, California courts have demonstrated an intent to narrowly apply its wage laws, limiting who qualifies as "a wage earner of California" to a person who "resides in California, receives pay in California, and works exclusively, or principally, in California."[19] No part of the Labor Code and no case interpreting the Labor Code suggests that the law should apply

---

[15] *O'Connor*, 58 F. Supp. 3d at 1006.

[16] *Id.* at 1006.

[17] 60 F. Supp. 3d 1059 (N.D. Cal. 2014).

[18] *Id.* at 1065.

[19] *Tidewater Marine Western, Inc. v. Bradshaw*, 927 P.2d 296, 309 (Cal. 1996). In *Tidewater*, the California Supreme Court "intended to caution against overly broad conclusions about the extraterritorial application of employment laws." *Sullivan v. Oracle Corp.,* 254 P.2d 237, 242 (Cal. 2011) (internal citations omitted).

extraterritorially on the sole basis of a choice-of-law clause.[20]

Therefore, the Motion to Dismiss must be granted, because "[a]n employee cannot create by contract a cause of action that California law does not provide."[21] The choice-of-law clauses would govern claims "that arise from the agreement itself;" they cannot create "claims that exist independent of the contract."[22]

However, the Court is granting the Motion to Dismiss without prejudice and granting Plaintiffs leave to amend the complaint. Though the contract is insufficient to create a cause of action under California law, it would not be futile for the Plaintiffs to amend the complaint to assert contract claims[23] or claims based on labor laws in states in which Plaintiffs performed services. Additionally, under Superior Court Civil Rule 15(a), "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . ."[24] CareFusion has filed a Motion to Dismiss, but not an answer or any other responsive pleading. "[A] motion to dismiss is not a responsive pleading that would require [Plaintiffs] to seek

---

[20] *See Sarviss v. General Dynamics Information Technology, Inc.*, 663 F. Supp. 2d 883, 900 (C.D. Cal. 2009) ("Although the cases discussing the extraterritorial application of California's wage and hour law are sparse, those decisions that do discuss it have tended to find that California wage and hour provisions do not apply to non-resident Californians who work primarily outside of California.").

[21] *Cotter*, 60 F. Supp. 3d at 1064.

[22] *Id.*

[23] CareFusion hints at an argument that the Plaintiffs are not parties to the contract. The Court declines to rule on a standing issue at this time.

[24] Super. Ct. Civ. R. 15(a).

leave of the Court to file an amended Complaint."[25] Plaintiffs therefore are entitled to amend their Complaint as a matter of course.

Finally, the Court will not address CareFusion's Commerce Clause Argument. CareFusion waived this argument by raising it for the first time in its reply brief.[26]

## **CONCLUSION**

Plaintiffs allege causes of action based on provisions of the California Labor Code. A choice-of-law clause alone is insufficient to permit Plaintiffs a cause of action under the California Labor code. Plaintiffs' Complaint is hereby **DISMISSED WITHOUT PREJUDICE**.

Plaintiffs may amend their Complaint without further order of the Court.

**IT IS SO ORDERED.**

The Honorable Mary M. Johnston

---

[25] *Stoppel v. Henry*, 2011 WL 55911, at *3 (Del. Super.).

[26] *Zutrau v. Jansing*, 2013 WL 1092817, at *6 (Del. Ch.) ("'The failure to raise a legal issue in an opening brief generally constitutes a waiver of the ability to raise that issue in connection with a matter under submission to the court.'") (quoting *Thor Merritt Square, LLC v. Bayview Malls LLC*, 2010 WL 972776, at *5 (Del. Ch.)).