# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| JEFFERY L. STUMP, | ) ) | |
| Plaintiff, | ) ) | C.A. No. N17M-09-027 CLS |
| v. | ) ) | |
| TOWN OF MIDDLETOWN, MAYOR KENNETH L. BRANNER, CHIEF MICHAEL IGLIO, and DELAWARE CRIMINAL JUSTICE COUNCIL, an agency of the State of Delaware | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

Date Submitted: June 28, 2018
Date Decided: August 9, 2018

On Defendants' Motion to Dismiss **DENIED.**

## OPINION

John S. Malik, Esquire, The Law Office of John S. Malik, 100 East 14th Street, Wilmington, Delaware, 19801. Attorney for Plaintiff.

Rae M. Mims, Esquire, Department of Justice, 102 W. Water Street, Dover, Delaware, 19904. Deputy Attorney General for Criminal Justice Council

1

Scott G. Wilcox, Esquire, Whiteford Taylor & Preston LLC, 405 N. King Street, Suite 500, Wilmington, Delaware, 19801. Attorney for Defendants Town of Middletown, Mayor Kenneth L. Branner, and Chief Michael Iglio.

**Scott, J.**

The issue in this action is whether a sworn police officer was afforded sufficient due process in accordance with the Law Enforcement Officers' Bill of Rights when the officer was disciplined without an opportunity to participate in a hearing.

### Factual and Procedural Background

Jeffery Stump (Stump) was employed by Defendant Town of Middletown as a sworn police officer. Stump held the rank of Master Sergeant prior to an investigation of possible violations of Police Department Rules and Regulations. After an investigation Stump was notified the Town of Middletown intended to demote him two ranks to Master Corporal. The demotion was accompanied with a reduction in pay and a probationary period of one year. Stump filed a grievance with Mayor and Council of the Town of Middletown. After a review of the investigation the Mayor and Council made the decision to reinstate Stump as Sergeant. This decision had the effect of a demotion of only one rank for Stump. Stump requested an appeal from this decision which was denied.

2

## Parties Assertions

Sump petitions this Court for a Writ of Mandamus directing Defendants to perform their duties pursuant to the Law Enforcement Officers' Bill of Rights (LEOBOR). Stump alleges that he was not provided the due process protections of 11 *Del. C.* § 9200 et. Seq. Stump claims the grievance process followed by the Town of Middletown failed to provide a sufficient hearing as required by 11 *Del. C.* § 9203. Stump's complaint alleges inter alia that he was deprived the opportunity to hear and cross examine witnesses against him, to call witnesses on his behalf, and to present evidence in his defense.[1] Stump requests a Writ of Mandamus be issued requiring Defendants Criminal Justice Council (CSC), Town of Middletown, and Mayor of Middletown provide an adequate hearing prior to the imposition of any disciplinary actions as required by § 9203.

Defendants CSC have moved for dismissal of this petition claiming Stump is not entitled to a hearing by CSC. CSC contends § 9203 only requires a hearing before the council if there is no grievance procedure provided for by the bargaining agreement between the agency and the bargaining unit. In the present case, CSC contends Middletown Police officers are represented by the Fraternal Order of Police Lodge #20. CSC submits that under the collective bargaining agreement grievances

---

[1] Compl. at 3.

shall be administered in accordance with the Town of Middletown's Personnel Policy Manual. CSC urges dismissal as Stump has pursued his grievance through the policy as stated in the manual, therefore he has exhausted his remedies and no CSC hearing is required.

Defendants Town of Middletown, Chief of Police Iglio, and Mayor Branner (Hereinafter collectively referred to as Middletown) echo CSC's reasoning for dismissal. Middletown argues the Personnel Manual provides a grievance procedure which Stump followed. Middletown argues Stump was afforded full due process and has now exhausted his avenues for appeal.

## Discussion

The test for sufficiency of a complaint challenged by a Rule 12(b)(6) motion to dismiss is whether a plaintiff may recover under any reasonably conceivable set of circumstances susceptible of proof under the complaint.[2] In making its determination, the Court must accept all well-pleaded allegations in the complaint as true and draw all reasonable factual inferences in favor of the non-moving party.[3]

---

[2] *Spence v. Funk,* 396 A.2d 967, 968 (1978); *see Cambium Ltd. v. Trilantic Capital Partners III L.P.*, 2012 WL 172844, at *1 (Del. Jan. 20, 2012) (citing *Cent. Mortg. Co. v. Morgan Stanley Mortg. Capital Holdings LLC*, 27 A.3d 531, 537 (Del. 2011)).
[3] *Ramunno v. Cawley,* 705 A.2d 1029, 1034-36 (Del.1998); *Nix v. Sawyer,* 466 A.2d 407, 410 (Del.Super.Ct.1983).

When "matters outside the pleading are presented to and not excluded by the Court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."[4] The Court may only consider documents outside the pleadings without converting the motion under two exceptions: (i) where an extrinsic document is integral to a plaintiff's claim and is incorporated into the complaint by reference, and (ii) where the document is not being relied upon to prove the truth of its contents."[5]

CSC and Middletown rely heavily on the Collective Bargaining agreement and Middletown Personnel Manual in their Motions. After a close reading of the complaint and relevant statutes it is not necessary to review these documents in ruling on the motions.

Under 11 *Del. C.* § 9203, if a law enforcement officer faces potential disciplinary action greater than a reprimand, "then that officer is entitled to a hearing."[6] If a "contractual disciplinary grievance procedure" exists between the

---

[4] Del. Super. Ct. Civ. R. 12(b).
[5] *Furman v. Delaware Dep't of Transp.*, 30 A.3d 771, 774 (Del. 2011).
[6] 11 *Del. C.* § 9203.

bargaining unit and the agency then the terms of that agreement "take precedence and govern the conduct of the hearing."[7]

Both Middletown and CSC argue Stump's disciplinary sanctions were heard before the Mayor and Town Council and as such he has exhausted the process due under the LEOBOR. An exercise in statutory construction is not required for the Court to determine that Stump was guaranteed a hearing subsequent to any disciplinary measures instituted by Middletown. What requires further investigation is whether the hearing provided to Stump was sufficient to meet the requirements under the LEOBOR.

*Alexander v. Town of Cheswold* states the legislative intent of the LEOBOR.[8] Senator Zimmerman stated:

> The purpose of this Act is to afford the Delaware law enforcement officer's rights to fair notice and a fair hearing on any charge brought against the officer within his or her own department. Present inconsistencies between departmental procedures within the State result in a disparity between individual treatment of law enforcement officers. This Act simply assures basic fundamental due process for all law enforcement officers in intradepartmental disciplinary hearings.[9]

---

[7] *Id.*

[8] *Alexander v. Town of Cheswold*, 2007 WL 1849089, at *3 (Del. Super. Ct. June 27, 2007).

[9] Synopsis, Senate Bill No. 96, 133rd Gen. Assembly (1985); 65 Del. Laws, c. 12, § 1.

As noted in *Alexander,* the LEOBOR's main purpose is to provide consistency in procedural safeguards for officers regardless of their agency of employment.[10] The LEOBOR calls for variation only where there exists a grievance procedure provided for in an agreement between the bargaining unit of the officer and the agency. However, that variation must be limited to conform to the intent of the LEOBOR. Part of the consistency provided for in the LEOBOR includes a hearing requiring "the officer and or the officer's representative shall be given an opportunity to present evidence and argument with respect to the issues involved."[11]

CSC and Middletown argue Stump's case was reviewed in a hearing of the Mayor and Town Council, and that hearing resulted in a lesser penalty for Stump. However, accepting the allegations in the complaint as true neither Stump, nor his counsel, were provided the opportunity at a hearing to hear and cross examine witnesses against him, to call witnesses on his behalf, or to present evidence in his defense. Without such an opportunity, the procedure afforded to Stump remains deficient.

---

[10] *Id.*

[11] 11 *Del. C.* § 9205 (b).

For the foregoing reasons, Defendant's motion to dismiss is **DENIED**.

**IT IS SO ORDERED.**

/s/ Calvin L. Scott

**Judge Calvin L. Scott, Jr.**