**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

MORGAN T. ZURN

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

November 13, 2024

Elizabeth Wilburn Joyce, Esquire
Pickney Weidinger, Urban & Joyce LLC
2 Mill Road, Suite 204
Wilmington, DE 19806

D. McKinley Measley, Esquire
Morris, Nichols, Arsht, & Tunnell LLP
1201 North Market Street
Wilmington, DE 19801

RE: *Vladimir Novosselov v. Y247 Holding Co.,*
    Civil Action No. 2024-0283-MTZ

Dear Counsel:

I write to give notice that I am converting the defendants' motion to dismiss to one for summary judgment.

Plaintiff Vladimir Novosselov filed a verified complaint pleading fraudulent inducement, promissory fraud, contract, and quasi-contract claims (the "Complaint").[1] He claims defendants Mark Prokoudine and Austin Timothy Long fraudulently induced him to enter an agreement offering him a path to rejoin their company or have his shares repurchased, which did not turn out as he had hoped.[2] Novosselov alleges Prokoudine and Long induced him to sign the agreement by

---

[1] Docket item ("D.I.") 1 ("Compl.").

[2] *Id.* ¶ 152.

representing he would receive a job offer.[3]   Before the agreement was signed,
Novosselov requested a higher valuation for any repurchase of his unvested shares.[4]
According to Novosselov, Long told him during a March 28, 2021, phone call that
Novosselov's request "changed [Long's] perspective on bringing [Novosselov] back
into the Company, and was basically the straw that broke the camel's back."[5]
Novosselov alleges that contrary to earlier representations, this comment revealed
Prokoudine and Long "had reached a decision to terminate" his employment before
the agreement's execution.[6]   Novosselov also brings an alternative promissory
estoppel claim, alleging that since signing the agreement, he "was operating under
the reasonable impression" that the defendants would eventually offer him
employment.[7]

Prokoudine, Long, and Y247 Holding Co. ("Y247" or the "Company," and
together with Prokoudine and Long, "Defendants") moved to dismiss.[8]   Defendants

---

[3] *Id.* ¶¶ 69–70.

[4] *Id.* ¶ 77.

[5] *Id.* ¶ 89.

[6] *Id.* ¶¶ 89–90, 166.

[7] *Id.* ¶ 180.

[8] D.I. 13.

attached nine exhibits to their opening brief, including transcripts of the March 28 phone call and others.[9] Their brief sets forth their side of the story, relying in significant part on those transcripts. In Defendants' telling, Long's March 28 comment regarding Novosselov's request for a higher valuation did not give away any prior misrepresentations. Instead, the comment fit into Long's broader explanation of how Novosselov gradually eroded Defendants' trust in him.[10] As to Novosselov's promissory estoppel claim, Defendants contend the call transcripts show "[Novosselov] labored under no illusions about his prospects post-signing."[11]

Defendants seek dismissal of Novosselov's claims based on Defendants' version of events as evidenced by the transcripts.[12] In opposition, Novosselov does not address Defendants' argument with respect to the call transcripts; instead, he

---

[9] D.I. 14 ("DOB").

[10] *Id.* at 17 ("Long explained that Defendants had become increasingly troubled by [Novosselov's] performance issues and that his broken promises with respect to the SRA had irreparably damaged their ability to trust him." (citing *id.* Ex. 1 at 22–23)); *id.* at 17 ("[E]veryone was fully on the same page to find a path back, but it was still hanging on by a string, which you can understand because you left for, like, you know, a year." (quoting *id.* Ex. 1 at 32)).

[11] *Id.* at 37–38 (citing the March 28 call transcript to show Novosselov believed he had a one percent chance of a job offer (citing *id.* Ex. 2 at 4)); *id.* at 18 ("On April 25, 2021, Prokoudine unambiguously told Plaintiff that his employment prospects with regards to the 'July 1st deadline' were still a 'one percent chance' and that 'it would be hard to imagine any of this playing out right now.'" (quoting *id.* Ex. 4 at 2, 6)).

[12] *Id.* at 3.

asserts the Court should not consider Defendants' exhibits on their motion to dismiss.[13]  In reply, Defendants concede, "It is correct that Defendants use the call transcripts to contradict the allegations about those calls in the Complaint," and press that the calls are integral to Novosselov's claims and so the transcripts can be considered.[14]

"Generally, matters outside the pleadings should not be considered in ruling on a motion to dismiss."[15]  "Delaware recognizes three instances in which a court may consider documents outside the pleadings: (i) 'when the document is integral to a plaintiff's claim and incorporated into the complaint,' (ii) 'when the document is not being relied upon to prove the truth of its contents,' and (iii) when the trial court 'take[s] judicial notice of matters that are not subject to reasonable dispute.'"[16] "[T]he Court may conclude a document is integral to the claim if it is the 'source for

---

[13] D.I. 21 at 22–24.

[14] D.I. 24 at 4.

[15] *In re Santa Fe Pac. Corp. S'holder Litig.*, 669 A.2d 59, 68 (Del. 1995).

[16] *Acero Cap., L.P. v. Swrve Mobile, Inc.*, 2021 WL 2207197, at *1 (Del. Ch. June 1, 2021) (quoting *Windsor I, LLC v. CWCapital Asset Mgmt. LLC*, 238 A.3d 863, 873 (Del. 2020)).

the . . . facts as pled in the complaint.'"[17]  The Court may not rely on documents outside the complaint to resolve disputed facts.[18]

The calls themselves are not "documents outside the pleadings" that could be considered by the Court.[19]  Novosselov supported his claims with allegations about the calls.  And he did not rely on the transcripts of those calls as the source of his allegations:  he could not have, as the transcripts were not created until after he filed the Complaint.[20]  He presumably relied on his own evidence (e.g., his memory, notes, perhaps his own recordings) of what was said on those calls to support his allegations.  The transcripts are not integral to nor incorporated by reference into the Complaint.

---

[17] *In re Gardner Denver, Inc.*, 2014 WL 715705, at *3 (Del. Ch. Feb. 21, 2014) (quoting *Orman v. Cullman*, 794 A.2d 5, 16 (Del. Ch. 2002)); *see also Freedman v. Adams*, 2012 WL 1345638, at *5 (Del. Ch. Mar. 30, 2012) ("When a plaintiff expressly refers to and heavily relies upon documents in her complaint, these documents are considered to be incorporated by reference into the complaint; this is true even where the documents are not expressly incorporated into or attached to the complaint." (footnote omitted)).

[18] *Santa Fe*, 669 A.2d at 69 (quoting *Abbey v. E.W. Scripps Co.*, 1995 WL 478957, at *1 n.1 (Del. Ch. Aug. 9, 1995)).

[19] *See Acero Cap.*, 2021 WL 2207197, at *1.

[20] *See* DOB Ex. 1 at 55 (transcribed on May 22, 2024); *id.* Ex. 2 at 6 (same); *id.* Ex. 3 at 54 (same); *id.* Ex. 4 at 55 (same); *id.* Ex. 5 at 60 (same).

Defendants came forward with transcripts of those calls as evidence to refute

and recontextualize Novosselov's allegations of what was said—that is, for the truth

of the transcripts' contents. Unlike "a disclosure statement, a contract, or an

allegedly libelous publication," the transcripts "are more evidentiary in nature.

Thus, the 'truth' of the matters contained in those documents may tend to prove or

disprove the plaintiffs' allegations."[21] A motion to dismiss is not the time to find

facts by comparing pleadings to evidence.

Nor is a motion to dismiss the time to assess the evidentiary foundation of

documents. This Court has found transcripts to be integral to a claim when the

transcripts were of depositions the plaintiff took in the pending case, then quoted in

his amended complaint.[22] Unlike such sworn deposition transcripts, Defendants'

---

[21] *In re New Valley Corp.*, 2001 WL 50212, at *6 (Del. Ch. Jan. 11, 2001) (excluding board minutes and other documents the Court deemed "evidentiary in nature," noting "the documents, on their face, do not reflect the complete picture that can only really be drawn after discovery"); *see also Santa Fe*, 669 A.2d at 70 (explaining even a document integral for some purposes cannot be considered for the truth of a contested matter, as other evidence might come forward later in the proceedings); *Kim v. Coupang, LLC*, 2021 WL 3671136, at *4 (Del. Ch. Aug. 19, 2021) ("When reviewing supposedly incorporated documents, however, the court may not consider whether their contents state the truth, but rather must consider only whether the documents say what the plaintiff alleges they say." (citing *Santa Fe*, 669 A.2d at 68)).

[22] *Gardner Denver*, 2014 WL 715705, at *6–7 (explaining the plaintiff "took the depositions, undoubtedly reviewed the transcripts, and deemed it appropriate to amend his complaint with quotations from, and substantial characterizations of, them").

transcripts are susceptible to evidentiary deficiencies: while the calls were transcribed by a court reporter and notary public, I have no way to assess the authenticity or accuracy of the underlying recordings at this juncture.

Because I cannot consider the call transcripts at the motion to dismiss stage, I am left to decide whether to exclude them or to convert Defendants' motion to dismiss to a motion for summary judgment.[23] Defendants brought this motion relying on the call transcripts, and I presume they intended to bring a motion that allows me to consider them. I am therefore converting the motion to one for summary judgment.

If the Court opts to convert a motion to dismiss to one for summary judgment, it must give the parties notice that affords a reasonable opportunity to pursue and present evidentiary material under Court of Chancery Rule 56.[24] This letter is intended to provide that notice. The parties should confer on a stipulated schedule for proceeding under Rule 56.[25]

---

[23] Ct. Ch. R. 12(d); *Totta v. CCSB Fin. Corp.*, 2021 WL 4892218, at *4 (Del. Ch. Oct. 20, 2021) (converting to a motion for summary judgment and collecting cases).

[24] *Appriva S'holder Litig. Co., LLC v. EV3, Inc.*, 937 A.2d 1275, 1286 (Del. 2007); *Furman v. Delaware Dep't of Transp.*, 30 A.3d 771, 774–75 (Del. 2011); Ct. Ch. R. 12(d).

[25] I ask Defendants to consider if they believe in good faith they can show at this juncture there is no genuine issue of any material fact and that they are entitled to a judgment as a matter of law, given they offered the transcripts to refute Novosselov's allegations. It may

Sincerely,

*/s/ Morgan T. Zurn*

Vice Chancellor


MTZ/ms

cc:  All Counsel of Record, via *File & ServeXpress*

---

be that the parties' energy is better spent conferring on a schedule for the case overall, with presentation of the motion at any more appropriate time.